**1823.**

DEXTER
v.
STEWART.

DEXTER and others *against* STEWART and others.

Property held in trust, does not pass to the assignees of the agent or trustee, in case of bankruptcy or insolvency.

Where *D.* agreed with *S.* to sell and convey to him a quantity of land, and for which *S.* covenanted to pay 25,000 dollars in a certain time; and *D.* gave *S.* a power of attorney to sell and convey the land, in the name of *D.*, &c., *S.* covenanting to give *D.* security for the due performance of his contract, and to indemnify *D.*, &c.; and *S.* sold parcels of the land, and took moneys and securities, &c. from the purchasers; and, being insolvent, assigned the securities with other property: *Held*, that *S.* was a trustee, and that *D.* had an equitable lien on the proceeds of the sales, and on the securities, &c. for his payment and indemnity, which could not be defeated by the assignment of *S.*

*February 7th.*　THE bill, filed *September* 10th, 1819, by the representatives of *Samuel Dexter*, deceased, stated, that *S. D.* being seised of certain lots of land in the military tract, which were described, on the 4th of *September*, 1813, entered into a contract, by deed, with the defendant, *Gilbert Stewart*, for the sale and conveyance of the lots, being thirty-nine, at the time, and upon the terms mentioned in the contract, which was set forth in the bill. The defendant, *G. S.*, on his part, covenanted to pay *S. D.*, on or before the 14th of *September*, 1823, the sum of 25,000 dollars; and that on the 14th of *September*, 1815, he would pay *S. D.* one year's interest on that sum, at six per cent. and the like interest annually thereafter, until the principal was paid. That if the interest became in arrear for three months, he would, on request, pay the principal and interest, and would give collateral security for the performance of the contract, when demanded, on sufficient real estate in *Albany*; or, on failure to do so, would pay the principal and interest. The deed recited a power of attorney, from *S. D.* to *G. S.*, authorizing him

to sell any of the lots, to compromise any disputes concerning them, and to represent *S. D.* in regard to the same ; and *G. S.* covenanted, that he and his substitutes would use the power *only* for the purpose of carrying into effect that agreement ; and that he would indemnify *S. D.* from all costs and damages which might happen in respect to the premises. That *G. S.* was to have the title of *S. D.* to the lots, with all the advantages and disadvantages thereof, on performing his covenants ; and neither party were to have recourse against the other, for any profit or loss which might arise on the title, &c. The bill stated, that the power of attorney was given to *G. S.* as *trustee* of *S. D.*, to enable him to make sales of the land, in the name of *S. D.*, and for his benefit, according to the terms of the contract ; that *G. S.* proceeded to make divers sales and contracts, &c. That *S. D.* died the 5th of *May*, 1816, intestate, and the plaintiffs, who are his administrators and heirs, on the application of *G. S.*, executed a confirmation of the power of attorney of the intestate, without any knowledge of what had been done by *G. S.*, &c. The bill further stated, that *G. S.* had received above 10,000 dollars, &c. That on the 25th of *August*, 1819, the plaintiffs demanded of *G. S.* security, according to the terms of the contract, which he neglected to give ; and on the 2d of *September*, 1819, the plaintiffs revoked their power of attorney to *G. S.* That it is pretended by the defendants, that *G. S.*, being insolvent, on the 21st of *August*, 1819, assigned certain estate to the defendants, *D. P. Clark* and *J. S., jun.;* and in that assignment he referred to the contract with *S. D.*, and the powers of attorney, stating that he had sold divers lots, and made contracts for the sale of others, &c. ; and that the lots mentioned in a schedule annexed remained unsold ; that he had paid up the interest, according to the contract ; and had acquired a beneficial interest, in the unsold lots, subject to the terms of the contract ; and he conveyed and assigned to *D.*

1823.

DEXTER
v.
STEWART.

*P. C.* and *J. S.*, the lots unsold, to hold in trust, and sub-stituted and empowered them to sell the same, and appropriate the proceeds to pay the plaintiff, and the surplus, if any, as directed, &c. The bill charged, that the assignment was made *after* the notice and demand of the 25th of *August*, 1819, and in fraud of the plaintiffs; that the contracts and securities for any part of the lots, were *lent* property; and that *D. P. C.* and *J. S.* had notice thereof at the time of the assignment to them. That the defendants threaten to collect the moneys due on the contracts and securities, &c. That *G. S.* has only paid interest on the contract with *S. D.* to the 14th of *September*, 1818. That he has abused his trust, and received above 10,000 dollars, for which he ought to account, &c. *Prayer*, that the assignment from *G. S.* to the defendants, *D. P. C.* and *J. S.*, be declared void, so far as relates to the said lands of *S. D.;* and that the securities, &c. be assigned over to the plaintiffs, and for general relief; and that an injunction issue, &c.

The defendants answered, admitting the material facts stated in the bill, but denying any fraud, &c.

The cause was heard on the bill and answer.

*S. A. Talcot*, (A. G.) *Hoffman*, and *J. V. N. Yates*, for the plaintiffs.

*A. Van Vechten*, for the defendants.

THE CHANCELLOR. The just construction of the agreement, with its accompanying power of attorney, would seem to require that the proceeds of sales, under the power, should be strictly and specifically applied to the discharge of the debt due to *Dexter*, and to the payment of the costs and charges necessarily created in the due execution of the power. It was part of the express covenant of *Stewart*, that the power was to be used *only* for the purpose

of carrying into effect the agreement. Under this con-
struction, *Stewart* became a trustee, and took contracts
and securities, and received the proceeds of sales in that
character. The securities were not his property, to be
by him disposed of for his own benefit, until *Dexter* was
paid, as well as indemnified against responsibilities incur-
red by the use of the power. Unless we are to consider
that *Dexter* had an equitable lien on the securities and con-
tracts taken by *Stewart*, it would be impossible to render
the power effectual, in carrying the agreement into effect,
consistently with safety to the rights of the grantor, and
consistently with the evident intention of the parties.

These contracts and securities did not pass to the as-
signees of *Stewart*, except subject to the same equities, and
the same rights and claims of the plaintiff, that existed
against them while in the hands of *Stewart*. It was not
in the power of *Stewart* to assign them absolutely, without
a breach of duty and of good faith; and the assignees of a
bankrupt, in such cases, stand exactly in the situation of
their principal, and with no greater rights. It would, un-
der the circumstances, to use the words of Lord *Hard-
wicke*, " be the hardest thing in the world to say, these
securities should go to the creditors at large." Though a
*chose in action* be taken in the name of the agent, it does
not pass, by his act of bankruptcy, to his assignees, pro-
vided it be taken and held in trust. (*Godfrey* v. *Furzo*,
3 *P. Wms* 185. *Ex parte Dumas*, 1 *Atk*. 231. *Ex
parte Sayers*, 5 *Vesey*, 169.) In this case, demand for
security, in pursuance of a provision in the agreement,
was made prior to the assignment, and the assignees are
presumed to have known of it, as they knew of the agree-
ment and the power, at the time of the assignment. The
whole principal and interest became due by a refusal to
give the security demanded, and the plaintiffs are now en-
titled to demand the entire debt, as well as indemnity
against the costs and charges accrued under the agency,

or to have the lands still unsold, and the contracts and securities taken for lands sold, assigned over to them, to be used for those purposes, and for the payment of the costs of this suit; and the surplus (if any) remaining after these purposes are answered, to be returned. I shall, accordingly, grant relief to this extent, and shall direct a reference to take an account of the amount due, and of the proper costs and expenses incurred under the agency, and justly chargeable upon the fund, and that the assignees, by a short day after the report shall have been made and confirmed, pay and indemnify, or convey the unsold lands, and assign over the contracts and securities to the plaintiffs, in trust, to be used by them for their payment and indemnity, under the direction of a Master.

*Decree accordingly.*