JOHN C. WINANS *et al.*, Appellants, *v.* CORBET PEEBLES *et al.*, Respondents.

| 32 | 423 |
|----|-----|
| 113 | 432 |
| 32 | 423 |
| 119 | 546 |
| 119 | 547 |

The disability of the husband to take land by conveyance from the wife remains as before the statute (ch. 375, 1849).

A voluntary conveyance of land by the wife to the husband is wholly ineffectual.

But the validity of a deed from the wife to the husband may be established by the application of principles of equity where a consideration has been paid; and also where the grantee is entitled to equitable relief for improvements made upon the premises in good faith, to the extent of such equitable claim.

*George T. Spencer*, for the appellants.

I. The conveyance by Catharine M. to Corbet Peebles, her husband, is invalid at common law. (*White v. Wager*, 25 N. Y., 328.)

II. The disability of Mrs. Peebles, a married woman, to convey land to her husband was not removed by the "Act for the more effectual protection of the property of married women," passed in 1848, and amended in 1849. (See *White v. Wager, supra.*)

III. Nor can such conveyance be sustained in equity.

An equity which will support a conveyance void or defective at law, must be founded on such a consideration as will sustain a valid promise, and make it a legal obligation. (*Simmons v. McElwin*, 26 Barb., 419; *Shepard v. Shepard*, 7 Johns. Ch., 57.) It must also be such an equity that the party in whose favor it exists can compel a valid conveyance, if none is voluntarily made.

*J. Herron*, for the respondents.

Mrs. Peebles, wife of Corbet Peebles, is deemed to be a single female, divested of all marital restrictions, in making conveyance of the property in dispute. (Act 1848, ch. 200; § 3; Act 1849, p. 528; also *Billings v. Baker*, 28 Barb., 343; id., 622.)

She may not acquire property from her husband, but is not restricted from disposing of it. (See § 3 of said act; see also *Yale* v. *Dederer*, 18 N. Y., 265.)

Independent of the statute, a married woman, in equity, could hold a separate estate in property, and might dispose of the same as a single female, especially to her husband, free from undue influences. (See 17 Johns., 548; 28 Barb., 343; and also 622; 4 id., 407; 4 Comst., 9; 17 Barb., 660; 22 Wend., 526; 5 Barb., 225; 11 How., 486; 22 Barb., 371; 26 id., 419.)

Davies, J. Action by plaintiffs, as heirs-at-law of Catharine Peebles, deceased, to set aside a deed of certain premises, of which it is claimed she died seized, and which descended to them as her heirs-at-law, made by said Catharine to her husband, Corbet Peebles, be declared and adjudged void, and that a deed of the same premises, by said Corbet to the defendant Burdick, be also declared void, and the plaintiffs be adjudged entitled to said premises, and that they be entitled to recover the same, and the rents and profits thereof. The court, which tried the action without a jury, found the following facts, viz.: That on the 15th day of March, 1851, Catharine M. Peebles received, by gift from her father, William Steele, a conveyance of the land and premises described in the complaint, the purchase-money thereof having been paid by said Steele, and the conveyance made by one Hughson and wife, the owner of the same.

2. That on the 28th day of June, 1851, the said Catharine made a voluntary conveyance of the same premises to said Corbet Peebles, and that no consideration was paid by the said Corbet or received by the said Catharine therefor.

3. That at the time of the said conveyances and for ten years previous thereto, the said Catharine was the wife of the said Corbet, and that there was no issue of the marriage of the said Corbet and the said Catharine.

4. That the plaintiffs in this action are the only heirs-at-law of the said Catharine, being the issue of the said Catharine by a former marriage.

5. That said conveyance by said Catharine to said Corbet, was not made or procured by any undue influence on the part of the said Corbet.

6. That said conveyance was made by said Catharine in pursuance of a request made by her father at the time the property was given to her, and her verbal promise to him to convey the same to her husband after her father's decease. And the court found the following conclusions of law:

1. That said conveyance, by said Catharine to said Corbet, was a good and valid conveyance, and vested in him a perfect title at law, notwithstanding she was, at the time of such conveyance, the wife of the said Corbet.

2. That even if such conveyance was not a valid conveyance at law, the same was good and might be sustained in equity.

Judgment was thereupon given for the defendants, and the same was affirmed at General Term, and the plaintiffs now appeal to this court.

This case was decided at the Steuben Special Term, in 1859, when a very elaborate and able opinion was delivered by the learned justice who tried the action, sustaining the conclusions of law at which he arrived. The only reported decision to which his attention was called, maintaining a contrary doctrine, was that of *Graham* v. *Van Wyck* (14 Barb., 531), a Special Term decision by Mr. Justice BAR-CULO. The learned justice did not regard this as an authoritative decision, and proceeded to discuss, with much learning and force, the two questions involved, and arrived at the conclusion, that the conveyance from the wife direct to the husband could be maintained at law and also in equity. The General Term of the Supreme Court would seem to have concurred in those views. Both the points presented and passed upon in the court below, arose and were considered by this court in the case of *White* v. *Wager* (25 N. Y., 328), decided in September, 1862, the report of which was published in 1863. The points adjudicated received an ample and careful discussion, and nothing can be added to the force of the conclusions then reached. They there held, that a

deed executed by a married woman to her husband, under circumstances very similar to those presented in the case at bar, was wholly ineffectual and void, and that the defective conveyance, being wholly without consideration, a court of equity would not interfere to sustain it. The doctrine of that case is decisive of the present one, and the judgment appealed from must be reversed, and a new trial ordered, costs to abide the event.

On another trial, it will be competent for the defendant Peebles to seek to establish the validity of the deed, by the application to the case of the principle of equity, upon proof that it was not voluntary, but given upon consideration. It will be competent for him to show that he is entitled to equitable relief, to the extent of the consideration paid by him, and of the value of the improvements made by him upon said premises. (1 Story's Eq. Jur., §§ 64, 693, 694, 700, 700 a, 797.)

Judgment reversed; new trial ordered, without prejudice to the equities of respondent, for his advances toward the land, and improvements made upon faith of his title.