F. T. WARLICK and others v. PETER WHITE and others.

*Husband and Wife—Deed—Equity.*

A deed from husband immediately to wife, conveying the whole of his real and personal property, will not be upheld in equity where the wife is shown to be unworthy of the interference of the court by reason of her being an adulteress ; or where the provision for the wife, as here, is extravagant and exhaustive of the husband's estate.

(*Elliott* v. *Elliott*, 1 Dev. & Bat. Eq., 57 ; *Paschall* v. *Hall*, 5 Jones Eq., 108, cited and approved.)

CIVIL ACTION tried at Fall Term, 1881, of CATAWBA Superior Court, before *Seymour, J.*

Joseph Carpenter intermarried with the defendant, Naomi, and had by her an only son. He owned a tract of land which is the subject of controversy, two slaves, two mules, some cattle and hogs, and the ordinary farming implements and household and kitchen furniture. In September, 1863, being about to enter the Confederate service, he executed a will, wherein he gave to his son one-half of his tract of land and one negro, and all the balance of his property he gave to his wife.

In August, 1864, he came home from the army on furlough, and his son having in the meantime died, he executed while at home a deed to his wife for the whole of his land and a bill of sale for all of his personal property. He returned to the army, and died in the spring of 1865. Soon after his death, his wife gave birth to the defendant, Sarah. The deceased and his wife were both white persons, and the defendant, Sarah, is a mulatto, the fruit of an adulterous intercourse between her mother and a negro, commenced before and continued during the husband's absence. The plaintiff, Catherine Eason, is the only sister and nearest collateral relation of the deceased. The defendant, Naomi, has since intermarried with the defendant, Peter White, and they are now in possession of the land.

The deed, which was made directly from the husband to the wife, has been lost without being registered, and the will has been regularly admitted to probate.

The plaintiff claims to be entitled to one undivided half of the land as heir to Joseph Carpenter, insisting that the deed from the husband to the wife is inoperative at common law, and can only be set up in a court of equity, and that such a court will not lend its aid to the defendant, Naomi; first, because of her gross moral delinquency, and

secondly, because of the unreasonableness of the provision attempted to be made for her by her former husband.

The defendant insists upon the validity of her title and prays that the lost deed may be set up by the court.

The jury found all the issues in favor of the defendants, judgment, appeal by plaintiffs. (See same case 76 N. C., 175.)

*Messrs. M. L. McCorkle, Hoke & Hoke* and *Battle & Mordecai,* for plaintiffs.

*Messrs. D. Schenck* and *G. N. Folk,* for defendants.

RUFFIN, J. The opinion of this court is against the defendants upon both of the propositions stated in the case.

By the rule of the common law, which regards man and wife as one, every deed of gift made directly from husband to wife is void. But a court of equity, having a greater regard to the intention and convenience of the parties, and treating the deed merely as a defective conveyance, will uphold it in favor of the wife, if a clear and present purpose on the part of the husband to make the gift, can be seen, and the gift itself appear to be no more than a reasonable provision for the wife.

But in the early case of *Elliott* v. *Elliott,* 1 Dev. & Bat. Eq., 57, this court intimated that under no circumstances would it interpose to remedy a defective conveyance in behalf of a wife, whose own conduct had not been meritorious; though as there was in the case another clear ground, besides the wife's delinquency, on which to rest the decision, the court did not press that matter further. The opinion thus advanced in that case, has since been referred to by another eminent judge, and in terms of such evident approbation, as to give to it much of the weight and authority of a positive adjudication. *Paschall* v. *Hall,* 5 Jones Eq., 108. And if there be any virtue in analogy, it is most strongly

supported by the current of decisions of the English chan-cellors with reference to a kindred matter.

In *Carr* v. *Esterbrooke*, 4 Ves., 145, a wife, who was sepa-rated from her husband upon the ground of adultery, peti-tioned the chancellor to have a sum of money belonging to her, settled to her separate use, but the order was refused upon the ground of delinquency. A like refusal and for a like reason was made by the same chancellor in *Ball* v. *Mont-gomery*, 2 Ves., 189, and again by LORD HARDWICKE in *Wat-kyns* v. *Watkyns*, 2 Atk., 96. All these cases are brought for-ward in Roper on Husband and Wife, 275, and the deduc-tion made from them by the author, is, that if a wife be an adulteress living apart from her husband, no court will in-terfere to have a settlement made for her, even out of her own choses, *"because she is unworthy of the court's notice or inter-ference."*

Such being the tendency of the decisions, both here and elsewhere, this court could not feel at liberty to inter-pose and give effect to an instrument, which the law pro-nounces inoperative, in behalf of a wife possessing so little claim to consideration as the present feme defendant, but will rather leave the law to determine the rights of the par-ties. Indeed, would it not be manifestly inconsistent to do so, and make provision for her out of her husband's estate, when we are obliged to take notice of the fact that if he were now living and seeking a divorce, the court would be bound to grant it, under the existing circumstances, and thereby dissolve every bond between the parties and shut her out from all participation in his estate? Circumstanced as she is, she is forced to seek the aid of a court of equity to give effect to her husband's intentions in her favor; and the court, finding her unworthy of its interference, simply de-clines to act, upon the principle now conceded that he who seeks equity must do so with clean hands.

In considering the point as to the extravagance of the

provision attempted to be made, it must be borne in mind that by means of the deed and the bill of sale, executed together and both to take effect upon delivery, it was intended to pass the whole estate of the husband, real and personal, immediately to the wife. The question, therefore, is exactly the same as if he were living and the attempt to set up the deed was directed against him, and not his heir. The leading case on the subject is *Beard* v. *Beard*, 3 Atk., 72, in which LORD HARDWICKE emphatically pronounced it to be against the policy of the law of England, that any husband should exhaust his estate and impoverish himself in an effort to make a provision for his wife, and that the court would not uphold a conveyance from him to her, if such should be its effect. Still more to the point is 2 Story's. Equity Jurisprudence, § 1374, where it is said that if a husband should by deed grant all his estate or property to his wife, the. deed would be held inoperative in equity, as it would be in law ; for it could in no just sense be deemed a reasonable provision for her, which is all that the courts of equity hold the wife entitled to ; and in giving her the whole, he would surrender all his interests.

On both occasions, heretofore mentioned, when the question as to the effect to be given to the husband's conveyance has been before this court, especial pains seem to have been taken to declare the policy of the court to be, that no support will be given to an extravagant provision, exhaustive of the husband's estate.

Our opinion therefore is that the deed relied upon by the feme defendant, Naomi, is ineffectual to pass the title of the land sued for to her, and that the judgment of the court below should have so declared. Accordingly, that judgment is reversed, and judgment will be entered here for the plaintiff according to the prayer of her complaint.

Error.                                          Reversed.