Filed May 18, 1889.

No. 12,410.

CORCORAN v. CORCORAN.

HUSBAND AND WIFE.—*Conveyance by Husband to Wife.*—*Presumption as to Character of.*—A conveyance of property from a husband to his wife is presumably a voluntary settlement, or provision for her benefit, and if it is reasonable it will be upheld against the husband, unless obtained by fraud or undue influence.

SAME.—*Agreement by Wife to Support Husband.*—*Damages.*—A contract by a wife whereby she agrees, in consideration of a conveyance to her of real estate by her husband, to support the latter during his natural life, is void, and no cause of action for damages for a breach thereof can accrue to the husband.

From the Dearborn Circuit Court.

*C. S. Jelley, D. H. Stapp, G. M. Roberts* and *C. W. Stapp*, for appellant.

*L. T. Michener* and *J. H. Gillett*, for appellee.

MITCHELL, J.—This was an action by Martin Corcoran against his wife, Mary Corcoran, to recover damages for the alleged breach of an executory contract. The following are the material facts, as they appear in the complaint :

In January, 1871, the plaintiff was the owner of a house and lot in the city of Aurora, Indiana, which was of the alleged value of $2,500, and of the rental value of $200 per annum. He avers that his wife proposed to him that if he would convey the above mentioned property to her she would support and maintain him during his natural life, and that in consideration of the promise and agreement above mentioned he executed a warranty deed conveying the property to her in fee simple. After receiving the conveyance the defendant treated the plaintiff with great cruelty, compelled him to sleep on the floor, and otherwise mistreated him, so that he was constrained to seek shelter elsewhere. He avers in his complaint that since some time in the year 1879 the defendant has refused " to maintain, support or keep plaintiff, or to furnish any part or portion of his support, and still refuses so to do, so that plaintiff has been compelled to, and does, maintain and support himself, though in poor health." He charges that his maintenance and support are reasonably worth four dollars a week ; that he has sustained damage in the sum of $1,500 on account of the default of his wife in the respects mentioned above, which sum he prays may be decreed to be a lien upon the land. The court rendered a personal judgment against the defendant, and entered a decree according to the above prayer. The complaint does not state facts sufficient to constitute a cause of action.

A conveyance of property from a husband to his wife is presumably a voluntary settlement, or provision for her benefit, and if it is reasonable it will be upheld against the hus-

band and his heirs, unless obtained by fraud or undue influ-
ence. 1 Bishop Law of Married Women, section 754; Har-
ris Contracts Married Women, section 441.

While the conveyance above mentioned was, therefore,
presumably valid and binding, the executory contract of the
wife to support her husband was void. *Barnett* v. *Harsh-
barger*, 105 Ind. 410. The law makes it the duty of
the husband not only to support himself, but his wife and
children as well, and we know of no rule of law or of
public policy which gives any countenance to an attempt by
a husband to abdicate the duty which the law casts upon
him, and impose it as an obligation upon his wife through
the medium of an ordinary oral contract. *Harrell* v. *Har-
rell*, 117 Ind. 94; *Artman* v. *Ferguson*, 40 N. W. Rep. 907.

Under the enlightened policy of modern legislation, mar-
ried women have been relieved of many common law disa-
bilities, but we have not yet progressed so far as to enable
a married woman to bind herself by contract with her hus-
band to assume his obligation to furnish support for both.
Contracts between husband and wife are void in law, and
are only upheld, especially against the wife, when they are
supported by the clearest and most satisfactory equity. It
does not appear that the plaintiff was not abundantly able
to support himself, or that the property conveyed to his wife
was anything more than a reasonable provision for her. It
affirmatively appears in the complaint that after the plain-
tiff's wife refused to abide by the contract, the plaintiff sup-
ported himself. The gravamen of his complaint is that he
was obliged to earn his own support, notwithstanding the
contract of his wife, by which he alleges he became exempt
from that onerous burden for the remainder of his natural
life. He claims that he ought now to be reimbursed at the
rate of four dollars per week, by way of damages, because
his wife refused to do for him that which he was able to do
for himself.

The wrong complained of grows out of a relation which

the plaintiff attempted to create with his wife by contract. The real injury complained of is that she refused to perform an agreement into which he had entered with her. The law will not permit a husband to enforce a contract indirectly by counting on the wife's refusal to perform it as a tort. Cooley Torts, 106; *Rice* v. *Boyer,* 108 Ind. 472.

True, it appears the plaintiff conveyed the house and lot to his wife. That afforded them a place to live, but one or the other must necessarily supply the means of support. It does not appear that either had any other means of furnishing support, except their ability to work. The plaintiff assumes that because he made the conveyance to his wife all concern about support in the future was at an end on his part, since his wife had undertaken to furnish it by contract. It does not appear that the wife had any means of obtaining support for herself, except by her own labor, and even if it did, we are aware of no principle or precedent which would sustain a judgment for damages in favor of a husband against his wife for the breach of an executory contract, and especially a contract of the anomalous character of the one in question. The case must be regarded precisely as if the husband had conveyed the property to his wife without any contract whatever, except so far as the contract may have operated as an inducement to the conveyance. The wife had no power to make such a contract, and the plaintiff acquired no equitable right through the void contract which a court of equity can recognize.

The judgment is reversed, with costs.

