(7 Misc. Rep. 463.)

### FITZPATRICK v. BURCHILL et al.

(Common Pleas of New York City and County, Equity Term. November, 1893.)

1. HUSBAND AND WIFE—CONVEYANCES INTER SE.

A deed by a husband to his wife is presumed to be intended for the wife's support, or as a gift, and is valid in equity unless in violation of the rights of creditors. Berkowitz v. Brown (Com. Pl.) 23 N. Y. Supp. 792, distinguished.

2. FRAUDULENT CONVEYANCES—HUSBAND AND WIFE.

Where a deed by a husband to his wife was made before the passage of Laws 1887, c. 537, authorizing conveyances between husband and wife di-

rect, while the grantor was not indebted, and without intent to defraud, a subsequent deed of the same premises by the husband to the wife is valid, and vests the legal title in her as against creditors of the husband whose claims accrued after the first deed and before the second deed.

Action by John T. Fitzpatrick against John Burchill and Mary Burchill to set aside a deed made by defendant John Burchill to his codefendant, as in fraud of creditors. Judgment for defendants.

James Kearney, for plaintiff.
John Hardy, for defendants.

BISCHOFF, J. The real property affected by this litigation appears to have been conveyed by the defendant John Burchill to his wife, Mary Burchill, by two separate conveyances,—the first dated July 2, 1886, and recorded January 18, 1887; the second, dated July 17, 1891, and recorded July 20, 1891. Subsequent to the date and record of the first conveyance, John Burchill became indebted to plaintiff's assignor, and for this indebtedness judgment was recovered and docketed against the former by the latter after the date and record of the second conveyance. Plaintiff assumed the first conveyance to be ineffectual because it was made by the husband to his wife without the intervention of a third party, and alleged that the second conveyance, which was made after the passage of the act of the legislature (Laws 1887, c. 537) declaring conveyances thereafter made by a husband direct to his wife, or vice versa, to be valid, was without consideration, and fraudulent, as against him and his assignor.

There is, in my opinion, abundant evidence to sustain the claim of the defendant Mary Burchill that at the time of the conveyance of the premises by Gustav Wolfers and Antonie, his wife, to John Burchill, her husband, in April, 1886, she advanced the purchase money from her own means, and that John Burchill's conveyance to Mary Burchill, in December, 1886, was made in discharge of the former's obligation to reimburse the latter; so that the last-mentioned conveyance cannot be said to have been made without consideration. The second conveyance by John Burchill to his wife appears to have been made under an apprehension that the first was void because it was made prior to the act of the legislature hereinbefore referred to, and would not be cognizable in law or in equity. Had this apprehension been well grounded, it seems clear that John Burchill's obligation to repay his wife the sum advanced by her would have continued, and his indebtedness thus would have furnished adequate consideration for the second conveyance. Savage v. O'Neil, 44 N. Y. 298; Jaycox v. Caldwell, 51 N. Y. 395. But, for the purposes of this action, we may assume that no actual or pecuniary consideration passed from Mary Burchill to John Burchill at any time; and we may yet reach the conclusion that the latter's conveyances are, and each of them is, operative and incontestable. It is conceded that the indebtedness for which plaintiff's assignor recovered judgment against defendant John Burchill did not arise until after the latter's first conveyance to his wife. It

was therefore, at the time, competent for John Burchill to make a gift of the premises; and as the case is destitute of all evidence tending to show that, at the time of the first conveyance, the parties thereto contemplated the contraction of any debt or debts by John Burchill to plaintiff's assignor, or others, the gift of the premises would not be open to attack because of a fraudulent design on the part of the grantor and grantee. Assuming, next, that John Burchill's first conveyance to Mary Burchill was operative as a gift, then the second conveyance to her did not divest him of anything more than the nominal legal title; and Mary Burchill cannot be truly said to have acquired, by means of the second conveyance, anything of which she was not already the owner, unless it be the nominal or legal title thereto. Logically, therefore, plaintiff's success in this action is dependent upon the invalidity of John Burchill's first conveyance to his wife. This conveyance, however, plaintiff only assumed to be void, as matter of law. It is not otherwise attacked, and the only conveyance which the complaint in this action seeks to have annulled as fraudulent towards creditors is the second. It is true, as plaintiff's counsel observes, that a conveyance from husband to wife, or wife to husband, was, prior to the act of the legislature hereinbefore referred to, void in law, and ineffectual to divest the grantor of the legal title. This was the inevitable result of the legal unity of husband and wife. To render any conveyance valid, there must be a grantor and a grantee. The legal unity of husband and wife destroyed their capacity to contract with each other, and a conveyance between them, therefore, lacked parties,—an essential element in every valid contract. In equity, however, the duality of husband and wife has been recognized from a very early period; and conveyances from one to the other, without the intervention of a third party, have been held valid and effectual, in the absence of elements which would have rendered their enforcement unconscionable, and converted them into means of fraud and iniquity.

Berkowitz v. Brown, 3 Misc. Rep. 1, 23 N. Y. Supp. 792, cited by plaintiff's counsel in support of his proposition that John Burchill's first conveyance to his wife was void, will, upon careful examination, prove to be authority directly to the contrary. That case involved the question whether or not a conveyance by the wife directly to her husband was valid; and the conclusion reached by me was that it was void absolutely in law, but presumptively, only, in equity. The presumption against its validity arose from the confidential relation of husband and wife, and the supposed influence of the husband, as the dominant party, upon the conduct of his wife. But I distinctly alluded to it that this presumption could be overcome by proof that the wife received adequate consideration; that the conveyance inured to her advantage, and that it was not exacted of her by threats, duress, fraud, or other unconscionable means; and that upon such proof the conveyance would be upheld. If the husband is the grantor, and the wife the grantee, and the conveyance imposes no burdens upon her, the presumption referred to does not arise; and in such a case it will

be assumed that the conveyance was intended as a provision for the wife's support, or as a gift prompted by tenderness and natural affection. A wife has at all times been the object of extreme solicitude of courts of equity respecting the possession and enjoyment of property; and gifts to her from her husband, whether real property or chattels, have ever been sanctioned by those courts whenever the rights of others did not intervene to render those gifts unconscionable. Shepard v. Shepard, 7 Johns. Ch. 56; Winans v. Peebles, 32 N. Y. 423; Hunt v. Johnson, 44 N. Y. 27, 36; Dean v. Railroad Co., 119 N. Y. 547, 23 N. E. 1054; Garlick v. Strong, 3 Paige, 440; Moore v. Page, 111 U. S. 117, 4 Sup. Ct. 388; Corcoran v. Corcoran, 119 Ind. 138, 21 N. E. 468; Turner v. Shaw, 96 Mo. 22, 8 S. W. 897; Beach, Mod. Eq. Jur. § 181 et seq. Regarding the first conveyance from the defendant John Burchill to Mary Burchill, his wife, as having effectually divested him of the equitable and beneficial ownership of the premises, and as having transferred it to her, the subsequent conveyance of a naked legal title to the same property, though it may have been without substantial consideration, can in no sense be deemed fraudulent, as against creditors of the grantor. Judgment for defendants, with costs.