FRANCES B. SCOTT, Appellant, *v.* FRANCES CALLADINE and Others, Respondents, SARAH ANN KITTLE and Others, Appellants.

*Deed from a wife to her husband — void at law, sustained in equity — disability of married women — payment of a consideration by one person and a conveyance to another — common-law rule, and present law, in regard thereto.*

A quit-claim deed executed by a wife to her husband is presumptively and at law ineffectual to convey any of the land therein described, and, therefore, void, but a conveyance made directly between a husband and wife, having the support of a suitable consideration, may be sustained by a court of equity, and where the consideration for such conveyance is the execution of an equitable trust, obligating the wife to convey to her husband, although there was no trust which she could be required to execute in his behalf, the conveyance will be sustained in equity.

The common-law disability of married women arising out of the marital relation remains as at common law except so far as removed by statute.

Before its abrogation by the statute, the rule of the common law that the person paying the consideration on the purchase of land took the estate by way of a

resulting trust, although the land was conveyed to another, was not applicable to conveyances to the wife or child of the person paying the consideration, as in the case of a conveyance to a stranger. In the former case it would be deemed an advancement, and no resulting trust would be presumed. But the presumption of advancement might be repelled by evidence that it was not so intended at the time the payment was made.

APPEAL by the plaintiff, Frances B. Scott, and the defendants Sarah Ann Kittle and others from a judgment of the Supreme Court in favor of the defendants Frances Calladine and others, entered in the office of the clerk of the county of Niagara on the 26th day of May, 1893, upon the report of a referee dismissing the plaintiff's complaint and declaring a certain deed null and void and of no effect.

*August Becker,* for the appellants.

*P. F. King,* for the respondents.

BRADLEY, J.:

The purpose of the action is the partition of certain premises in the city of Niagara Falls, of which it is alleged Thomas Calladine died seized. He was the husband of the defendant Frances Calladine, and died in June, 1877. They were married prior to 1850, and came to this country from England within a few years after that time. In May, 1864, she took title in fee to the premises by deed from Jane S. Townsend, and in December, 1871, she executed and delivered directly to her husband a quit-claim deed of the premises. Presumptively and at law this deed was ineffectual to convey to him the land, and void. (*White* v. *Wager,* 25 N. Y. 328; *Winans* v. *Peebles,* 32 id. 423; *Dean* v. *M. E. R. Co.,* 119 id. 540.)

A conveyance, however, made directly between husband and wife, having the support of a suitable consideration, may be sustained by a court of equity.

The plaintiff proceeded in this action upon the assumption that the deed of the wife to her husband was effectual to vest title in the latter. This is the contested proposition in the present case. When they came to this country they had substantially no means other than their earning capacity for their support. The husband earned some money as a hotel porter and the wife took care of it. The premises were purchased for $750 ; the deed was made to the

wife, and the payment of the consideration was secured by the bond for that amount, made by both the husband and wife, and the mortgage of the latter to the grantor upon the premises. And the referee has found that the wife then went into possession of the premises, and has ever since been in the possession of them. The consideration, by payments from time to time made, was fully paid, and the major part of it from money earned by the husband and handed to his wife along as he earned and received it. He had knowledge of the execution and delivery of the deed and bond and mortgage, and of their terms, at the time they were made, and the payments on the bond and mortgage were made with the knowledge and approbation of the husband from such earnings, and such payments, or the most of them, were made by him personally. So far as appears they lived and worked harmoniously together. In 1871 the wife was quite sick for a considerable time, and her deed to her husband was then made. It expressed the consideration of one dollar, but in fact nothing was then paid. The contest here is between some of their children, of whom the plaintiff is one, and their mother. And it is urged that, because of the fact that the consideration of the conveyance to Mrs. Calladine was paid from moneys earned by her husband, she equitably, as between them, took the title as trustee for him, and, although there was no trust which she could be required to execute in his behalf, it will be recognized in support of her voluntary conveyance to him. If the facts required the conclusion that such, as between them, was the relation she assumed when she took the title, her conveyance, subsequently made to him, was entitled to support upon equitable considerations. (*Foote* v. *Bryant*, 47 N. Y. 544; *Norton* v. *Mallory*, 63 id. 434; *Robbins* v. *Robbins*, 89 id. 251.) The rule of the common law, before its abrogation by the statute, that the person paying the consideration on the purchase of land took the estate by way of resulting trust, although conveyed to another, was not applicable alike to conveyances to a stranger and to the wife or child of the person paying the consideration. In the latter case it would be deemed an advancement, and no resulting trust would be presumed. But the presumption of advancement might be repelled by evidence that it was not so intended at the time the payment was made. (Story Eq. Juris.

FIFTH DEPARTMENT, JUNE TERM, 1894.          [Vol. 79.

§ 1204; *Murless* v. *Franklin*, 1 Swanst. 13; *Finch* v. *Finch*, 15 Ves. 43; *Guthrie* v. *Gardner*, 19 Wend. 414; *Watson* v. *Le Row*, 6 Barb. 489; *Welton* v. *Divine*, 20 id. 9; *Partridge* v. *Havens*, 10 Paige, 618.)

As of the time the purchase of the premises and payment for them were made no circumstances appear to require the inference that a resulting trust to the husband was intended, and the referee has found that there was no understanding that she should hold them in trust for him. The evidence seems to support his finding in that respect.

The fact that she made the deed to him in 1871 does not necessarily import anything more than a willingness on her part then to do so. There is no evidence of any circumstances leading to it other than in the fact that she was then quite ill, and may have desired that he should have the beneficial enjoyment of the property if she did not recover. The evidence to repel the presumption of advancement must be such as to show that his intention was otherwise contemporaneously with the purchase. He and his wife resided on the premises at the time the purchase was made, and they continued thereafter to do so until his death. In this there was nothing to necessarily indicate that he took and had possession under the conveyance, or that the wife did not have it. As they were living happily together, it is likely that no question arose as to which of them was entitled to or should be treated as having the possession. She had the title, and it may be assumed, as nothing appears to the contrary, that the title and possession were united in the same person. There is some conflicting evidence as to the declarations of the widow as to the location of the title after the death of her husband, but, in view of the findings of the referee, there is no occasion to make any further reference to that subject, as no consideration of it could affect the legal aspect of the case.

The disability of married women arising out of the marital relation, except so far as removed by statute, remains. (*Bertles* v. *Nunan*, 92 N. Y. 152.)

As a consequence, they could not at the time in question effectually at law convey land in this State directly to their husbands. And although equity may give effect to such conveyances then made, it would do so only when supported by a valuable consideration.

Upon the evidence, in view of the facts found, the conclusion was fairly ·justified that no trust within the contemplation of the husband and wife resulted to him from the payment of the consideration of the conveyance to her, and, therefore, there was none for the equitable support of her deed to him founded upon any recognition of such a trust.

There are some other considerations urged by the learned counsel for the plaintiff in his able argument, all of which have been considered. But, in the view taken of the case, it is deemed unnecessary to make special reference to them.

The judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed, with costs.