YELTON, ADMINISTRATOR, *v*. KERNS ET AL.

[No. 1,954,  Filed September 29, 1896.]

HUSBAND AND WIFE.—*Widow's Statutory Allowance.—Oral Agreement to Relinquish.*—A wife is not bound by an oral agreement to waive or relinquish her statutory allowance in the event she survives her husband, in consideration of the payment by him, in his lifetime, of money to or for the use of another.

From the Henry Circuit Court. *Reversed.*

*M. E. Forkner* and *J. M. Morris*, for appellant.

*L. P. Mitchell*, for appellees.

DAVIS, C. J.—On the 30th day of July, 1894, one Hayden Yelton died intestate. On the 30th day of

July, 1895, appellant, as the administrator of the estate of said decedent, filed in the office of the clerk of the Henry Circuit Court, his final report and settlement of said estate. Among other items for which he claimed credit was the statutory allowance of $500.00, paid by him to the widow. Section 2424, Burns' R. S. 1894 (2269, R. S. 1881). The appellees appeared and filed exception to appellant's final report and settlement on the ground that in 1887 or 1888 said widow, who was then the wife of said Hayden Yelton, in consideration of the payment by him of $500.00 for her daughter, orally relinquished all claims to the statutory allowance of $500.00 to which she would be entitled in the event she survived him, and that appellant was advised of such agreement before he paid the $500.00 to her. This exception was sustained and appellant was ordered to correct his report and pay into court the sum of $500.00 for distribution to the heirs of said Hayden Yelton, deceased.

The only question presented for our consideration is whether a wife is bound by an oral agreement to waive and relinquish her statutory allowance in the event she survives her husband in consideration of the payment by him in his lifetime of money to or for the use of another. In this case nothing was paid by the husband to the wife. The payment was made by the husband for the use and benefit of her daughter. The agreement was not reduced to writing. The theory of appellee is that she said to her husband that if he would advance $500.00 in the purchase of real estate for her daughter that she would, in the event she survived him, make no claim to her statutory allowance. She then had no vested right to the statutory allowance of $500.00. It was only a contingent right. This contingent right is given by the statute in the event the wife survives the husband, and in our opin-

ion the wife is not bound by an executory oral agreement made with her husband in his lifetime to relinquish it for a consideration moving to a third person. *Corcoran* v. *Corcoran*, 119 Ind. 138, 12 Am. St. 390.

Judgment reversed, with instructions to approve the final settlement report of appellant.