(26 Misc. Rep. 455.)

HULSE et al. v. BACON et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. DEEDS—DELIVERY.
    A deed from a wife to her husband was dated and acknowledged in 1858, and under the attestation clause, and after the usual words, "Sealed and delivered in presence of," appears the signature of the justice by whom the acknowledgment was taken. The parties lived together on the premises deeded until the wife's death, in 1883. Three months afterwards the deed was recorded, and in a subsequent action of ejectment against the heirs of the husband, who died in 1895, such heirs had possession of, and produced, the deed. *Held*, that it will be presumed that the deed was delivered when executed, notwithstanding the husband must have had access to his wife's papers after her death.

2. SAME—ACKNOWLEDGMENT BY MARRIED WOMAN.
    The acknowledgment to a deed conveying the real estate of a married woman, in 1858, was not required to refer to the fact of her marriage.

3. DEEDS FROM WIFE TO HUSBAND—VALIDITY.
    A husband conveyed his home and place of business to his wife in 1857, through a deed to her brother, without valuable consideration. A few months thereafter the wife deeded back the property to the husband. The married woman's acts of 1848 and 1849, then in force, did not affect the common-law rule making void a deed from the husband to his wife, or vice versa; and equity, both before and after such acts, had sustained conveyances by the husband to the wife, on the ground that the husband owed support to her, and that the consideration was meritorious, but such equity was not extended to a deed from the wife to the husband. *Held*, that the deed to the husband is founded on an equitable consideration sufficient to support it.

Appeal from special term, Suffolk county.

Ejectment by Esther A. Hulse and others against William T. Bacon and others. From a judgment of the special term dismissing plaintiffs' complaint on the merits, plaintiffs appeal. Affirmed.

The following is the opinion of the court below (JOHNSON, J.):

This is an action in ejectment. The plaintiffs are the heirs at law of Anna S. Bacon. The defendants are the heirs at law of her husband, William Bacon. The defendants claim under a deed made by Mrs. Bacon to her husband. The plaintiffs insist that no such deed was delivered, and that, if delivered, it was void. The deed is dated and acknowledged in 1858, and under the attestation clause, and after the usual words, "Sealed and delivered in presence of," appears the signature of the justice of the peace by whom the acknowledgment was taken. At the time the deed is dated, and for many years before, Mr. and Mrs. Bacon had lived in the dwelling house upon the property; and they continued to live there until 1883, when Mrs. Bacon died. Her husband resided on the property until 1895, when he died. Mr. Bacon was a shipbuilder, and had his shipyard on the premises, near the dwelling house, and continued that business until 1874. The deed was not recorded until 1883, and about three months after the death of Mrs. Bacon. On the trial the deed was produced and offered in evidence by defendants. It is urged that Mr. Bacon must have had access to his wife's papers, so that possession of that deed in him or his heirs does not import delivery. Were this a negotiable bond, or other article that would pass by delivery, there would be great force in that objection. But this paper is signed by Mrs. Bacon, and its purport and intent are to grant in præsenti, and it was ineffective without delivery; and I think the presumption and proof indicate that her purpose was carried out, and the deed delivered.

The deed has no acknowledgment or proof of execution, except in the ordinary, simple form, and without reference to the fact that Mrs. Bacon was a married woman. The authorities establish that that form was sufficient to make an effective conveyance of real estate by a married woman in 1858. Yale v. Dederer, 18 N. Y. 271; Blood v. Humphrey, 17 Barb. 660; Wiles v. Peck, 26 N. Y. 46; Ger. Real Estate, p. 79. That brings us to the more difficult and very interesting point presented by the plaintiffs,—that the deed, being by a wife to her husband, and made in the year 1858, is void. To fairly consider that question, we must trace the title back to an earlier date. The property conveyed by the deed is described as three acres. It was deeded to William Bacon, the husband, in 1840. In 1857 or 1858 the property was conveyed to the wife, through a deed, to her brother. Apparently, those conveyances were without any valuable consideration. It would seem that the dwelling house and shipyard had been erected on the property by Mr. Bacon. For many years before, he and his wife had lived on the property, and he had carried on the business of shipbuilding in the shipyard. Mr. Bacon, at the time of the conveyance to his wife, was in some financial difficulty. The debts which caused his embarrassment were small, and were all paid within a month, and apparently before and about the time the deed to him is dated. It is on that state of antecedent or related facts that the question as to this deed is presented. Its letter is sufficient and adequate to convey, and, if it is valid, the defendants' title is established. If it is not valid, the defendants have no title, and must surrender to the plaintiffs, unless they can maintain adverse possession for twenty years,—a proposition as to which I have very grave doubts, but do not deem it necessary to decide. At common law, all contracts relating to property, between husband and wife, were void. Under that rule a deed from husband to wife, or from wife to husband, was of no effect. Winans v. Peebles, 32 N. Y. 423; White v. Wager, 25 N. Y. 328; Bertles v. Nunan, 92 N. Y. 152; Dean v. Railway Co., 119 N. Y. 540, 546, 23 N. E. 1054; Hendricks v. Isaacs, 117 N. Y. 411, 416, 22 N. E. 1029. It was very early held that the married woman's acts of 1848 and 1849 did not so far affect this common-law rule as to sustain a deed from husband to wife, or from wife to husband. White v. Wager, 25 N. Y. 328; Winans v. Peebles, 32 N. Y. 423; Hendricks v. Isaacs, 117 N. Y. 411, 22 N. E. 1029. The rule

was based upon the theory that in law, as towards property rights, the husband and wife were one, and that the innovation caused by the acts of 1848 and 1849 had not proceeded far enough to change that rule. Suau v. Caffe, 122 N. Y. 308, 25 N. E. 488; Bertles v. Nunan, 92 N. Y. 152. But the rule, though inflexible in courts of law, was not so in equity; and courts of equity exercised jurisdiction to limit or prevent its effect, according to the equity presented in particular cases, and that power and jurisdiction were exercised both before and after the acts of 1848 and 1849. Shepard v. Shepard, 7 Johns. Ch. 57; Hendricks v. Isaacs, supra; Hunt v. Johnson, 44 N. Y. 27. Equity seems to have generally sustained such conveyances, when made by the husband to the wife, on the ground that the husband owed support and aid to the wife, and that for that reason the consideration for such a deed was meritorious, and that equity should intervene to protect the latter against the stringency of the common-law rule. Shepard v. Shepard, supra; Hunt v. Johnson, supra. The equity which was thus invoked, it was held, did not exist in favor of the husband, and that a deed from the wife to the husband would not be upheld by any equity growing out of the nature of their relations. Hunt v. Johnson, supra.

The inquiry therefore arises, is there any other equity that will interpose to release the deed from Mrs. Bacon to her husband from the ancient and stringent rule of the common law? I think there is such an equity. The husband had owned the property, and it had come to the wife from him. It is agreed that no consideration was paid on the deed to the brother, and, none being recited in the deed from the brother to the wife, the transaction imports a gift of the home and place of business. I cannot see why, after this gift, the natural obligations of Mrs. Bacon to her husband were not quite as compelling for the interposition of equity to sustain the deed to her husband, as are the equities, arising from the relation of parties, which sustain a deed from husband to wife. In Hendricks v. Isaacs, supra, the fact that property there in question came to the wife through the bounty of the husband's father was assumed to be sufficient to uphold the promise of the wife. Surely the fact that the property had come to the wife by the gift of her husband presents an equity no less compelling. If the plaintiffs can recover now, equally could they have recovered had the suit been brought to eject the husband immediately after the death of his wife. The arm of equity must be shortened, if it could not have interposed to have prevented such a result. But it is said that the conveyances to Mrs. Bacon were in fraud of creditors, and equity will not relieve such a case. Certainly, equity would not have restored this property to the husband, but whether it will or will not intervene to aid the deed made by the wife to her husband, to aid the wife's act of restoration, is quite a different question. But was that gift in fraud of creditors? Perhaps there is enough in the case to lead to the suspicion that it was, in that it hindered or delayed; but the debts proved were so small, their payment so prompt, the probable value of the ship which he seems to have retained was such, as convinces me that William Bacon never had the purpose to cheat or defraud any of his creditors. The year 1857 was the year of a financial panic so severe as to have become historical. We should be very slow to impute or find fraud in a transaction of forty years ago. I feel sure there was no actual fraud intended, no maleficium, and I do not consider that it is right to impute the lesser fault of an intent to hinder or delay creditors. The rule invoked by plaintiffs is now abrogated by statute. From 1848 to the present time there appears a tendency in legislation to break down the technical rules relating to the property rights of married women. It seems to me, the reported cases show that the court has sympathized in that movement, and that the rule invalidating a deed from wife to husband has gradually been construed with less stringency. In Winans v. Peebles, 26 N. Y. 423, it appeared that the wife's title came through a gift from her father, and that at that time he had requested and she had promised to convey the property to her husband after her father's decease. The deed was in conformity with that promise. The court, however, disregarding that, held the deed void. But in Hendricks v. Isaacs, 117 N. Y. 411, 22 N. E. 1029, it was assumed that a very similar request and obligation were sufficient to support an agreement which at common law would have been void.

Reviewing the whole case, I think the deed to William Bacon was delivered, and that it conveyed the property to him in fee. Judgment for the defendants.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

A. A. Spear, for appellants.
Thomas J. Ritch, Jr., for respondents Bacon.
George C. Case, for respondents Swift and others.

HATCH, J. The evidence in this case warranted the court in finding that the conveyance from Bacon to Overton, and by the latter to Hannah S. Bacon, was not for the purpose of hindering, delaying, or defrauding creditors; the conceded facts in respect to. this matter being that Bacon, while financially embarrassed, was still able to pay his debts, and did in fact pay them. The lien was upon the vessel he was engaged in constructing, and the attachments were levied upon the same property. No judgments were ever obtained against him; and as he was able to pay and discharge his debts, and was the owner of the real estate and other property, it authorized the court to find that he was solvent. Assuming, therefore, without deciding, that if the deed was fraudulent, as being made with intent to hinder, delay, and defraud creditors, such fact would affect the conveyance by the wife to the husband, yet the court was not, upon the evidence, compelled to find such fact, as the proof warranted a finding that the conveyance was a gift to the wife, without any fraudulent intent whatever. The court being authorized so to find, it could support the deed from the wife to the husband as being founded upon a meritorious consideration. It is the conceded fact that the husband originally paid the purchase price for the premises, and that they were solely the product of his means; and it may very well be that, when the conveyance was made by the husband to the wife, he contemplated making provision for her support and maintenance against possible future contingencies which might result in the prosecution of his business. Any fear of failure to be able so to do having passed away, it would be in some degree, at least, equitable to have restored the property for which the husband had paid. Such conveyances under similar circumstances have been held to be supported by a meritorious consideration. Scott v. Calladine, 79 Hun, 79, 29 N. Y. Supp. 630, affirmed, on opinion below, 145 N. Y. 639, 41 N. E. 90.

We think the court below was justified in reaching the conclusion that the deed was founded upon an equitable consideration sufficient to support it. The deed itself was produced by the defendants; and while the suggestion that the husband had access to the wife's papers after her death, and could therefore possess himself of the deed without there ever having been any actual delivery, is entitled to some weight, yet we think the recital by the justice who took the acknowledgment that the deed was sealed and delivered in his presence is sufficient from which the court was authorized to find that the deed was delivered at the date of its execution. We agree with the learned court below in his disposition of the case, and adopt as our own the reasons as expressed in his learned opinion.

It follows that the judgment should be affirmed. All concur.