GEORGE W. DEAN, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY, Appellant.

In an action at law to recover for an injury in the nature of a trespass to real estate, the plaintiff's rights can be determined only in accordance with the situation existing when the action was commenced; where his title is put in issue he must stand or fall by the title and right to recover he then had, and no other.

In an action brought to recover alleged damages caused by the unlawful construction and maintenance of defendant's railroad in the street in front of plaintiff's premises, the question litigated was as to plaintiff's title and possession. Plaintiff was allowed to give in evidence, under objection and exception, a deed of the premises executed to him after the commencement of the action. *Held*, error.

Plaintiff gave in evidence a deed to himself, executed in 1860, and proved that, from the time of its delivery up to the commencement of the action, he received the rents and profits of the premises. Defendant thereupon put in evidence a deed from plaintiff to his wife which did not express any valuable or meritorious consideration. *Held*, that this conveyance did not show title out of plaintiff.

Statutes changing the common law are to be strictly construed, and it will be held to be no further abrogated than the clear import of the language used in the statutes absolutely requires.

The common-law disabilities incident to the relation of husband and wife still exist, except so far as they have been swept away by express enactment.

Prior to the passage of the act of 1887 (Chap. 537, Laws of 1887), a deed of lands from husband to wife, or from wife to husband, was void, and

did not operate to divest the grantor of title unless founded upon valuable or meritorious consideration such as would enable a court of equity to sustain it.

The burden is upon a party claiming, under such a deed, to prove such a consideration.

Defendant also introduced in evidence a deed from plaintiff and wife to R. Plaintiff then introduced a deed to his wife from R. and wife, and a deed from his wife to himself, all of which conveyances were duly acknowledged and recorded shortly after their respective dates. Plaintiff testified that the deed to R. was to secure a loan of $2,300, which he paid, and then R. and wife reconveyed the premises to plaintiff's wife. Defendant's counsel requested the court to charge that the jury were not bound to believe plaintiff's statement that the deed to R. was a mortgage, he being an interested party and not having called anyone to corroborate him. Also, that if said deed and the one from R. to plaintiff's wife were intended to pass the title to the property to her, the verdict must be for defendant. These requests were refused. *Held,* error.

*It seems* that if the deed to R. was in fact a mortgage, his conveyance to plaintiff's wife and her conveyance to plaintiff operated to discharge the mortgage.

(Argued March 6, 1890; decided March 11, 1890.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made May 9, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward S. Rapallo* and *Brainard Tolles* for appellant. The learned trial judge erred in refusing to dismiss the complaint, because the plaintiff was never in possession of the premises in question. ( *Webb* v. *Odell,* 49 N. Y. 585 ; *Cook* v. *Whipple,* 55 id. 157 ; *Winslow* v. *Bliss,* 3 Lans. 223 ; *A. B. & C. Co.* v. *Pratt,* 10 Hun, 445 ; *Uline* v. *N. Y. C. R. R. Co.,* 101 N. Y. 98 ; *Lahr* v. *M. E. R. Co.,* 104 id. 268 ; *Pond* v. *M. E. R. Co.,* 112 id. 186, 290 ; *Ottenot* v. *N. Y., L. & W. R. Co.,* 28 N. Y. S. R. 483 ; *Henderson* v. *N. Y. C. R. R. Co.,* 8 N. Y. 423 ; *N. Y. N. E. Bk.* v. *N. Y. E. R. Co.,* 108 id. 660 ; *Glover* v. *M. R. Co.,* 19 J. & S. 1 ; *Doyle* v.

*Lord,* 64 N. Y. 432; *Spies* v. *Damm,* 54 How. Pr. 294; *Holmes* v. *Seeley,* 19 Wend. 509; *Campbell* v. *Arnold,* 1 Johns. 511; Code Civ. Pro. § 1665; *Van Deusen* v. *Young,* 29 N. Y. 9; *Vedder* v. *Vedder,* 1 Den. 257; *Duryea* v. *Mayor, etc.,* 26 Hun, 120; *Taylor* v. *M. R. Co.,* 53 id. 309; *Tobias* v. *Cohn,* 36 N. Y. 363; *Thompson* v. *Gibson,* 7 M. & W. 456; *Simpson* v. *Savage,* 1 C. B. [ N. S.] 347; *Mumford* v. *O. W. & W. R. Co.,* 1 H. & N. 34; *Sherman* v. *F. R. I. W. Co.,* 84 Mass. 524; *C. R. R. Co.* v. *English,* 73 Ga. 366; *Halsey* v. *L. V. R. R. Co.,* 45 N. J. L. 26; *Smith* v. *Phillips,* 8 Phil. 10; *Francis* v. *Schoelkopf,* 53 N. Y. 152; *Jutte* v. *Hughes,* 67 id. 271; *Colrick* v. *Swinburne,* 105 id. 507.) The learned trial judge erred in refusing to dismiss the complaint, because the plaintiff had no title to the premises in question. (*Wisner* v. *Ocumpaugh,* 71 N. Y. 113; *Hollingsworth* v. *Flint,* 101 U. S. 591; *Prouty* v. *L. S., etc., R. R. Co.,* 85 N. Y. 272; *Post* v. *Weil,* 26 N. Y. S. R. 131; *P., etc., R. Co.* v. *Quigley,* 21 How. [U. S.] 202; *Ervin* v. *O. R. & N. Co.,* 28 Hun, 269; *Dorrance* v. *Henderson,* 27 id. 206; *Tiffany* v. *Bowerman,* 2 id. 643; *Cobb* v. *Curtiss,* 8 Johns. 470; *Bostwick* v. *Menck,* 4 Daly, 68; *McCullough* v. *Colby,* 4 Bosw. 603; *Watson* v. *Thibou,* 17 Abb. Pr. 184; *F. & L. T. Co.* v. *U. L. T. Co.,* 47 Hun, 315; *Taylor* v. *M. R. Co.,* 53 id. 305; *Holly* v. *Graf,* 29 id. 444; *Doe* v. *Howland,* 8 Cow. 277; *Jackson* v. *Stevens,* 16 Johns. 110; *Branham* v. *Mayor, etc.,* 24 Cal. 605; Code Civ. Pro. § 544; *Hall* v. *Olney,* 65 Barb. 27; *Holyoke* v. *Adams,* 59 N. Y. 233; *Lyon* v. *Isett,* 2 J. & S. 31; *Garner* v. *Hannah,* 6 Duer, 262; *T. A. R. Co.* v. *N. Y. E. R. Co.,* 19 Abb. [N. C.] 261; *White* v. *Wager,* 25 N. Y. 328; *Winans* v. *Peebles,* 32 id. 423; *Hunt* v. *Johnson,* 44 id. 27; *Meeker* v. *Wright,* 76 id. 262, 271; *Bertles* v. *Nunan,* 92 id. 152; *Blaesi* v. *Blaesi,* 3 N. Y. S. R. 432; *Fruhauf* v. *Bendheim,* 24 id. 761; *Alward* v. *Alward,* 17 id. 868; *Hendricks* v. *Isaacs,* 27 id. 449; Laws of 1880, chap. 472; *Coleman* v. *Burr,* 93 N. Y. 17; *Zorntlein* v. *Bram,* 100 id. 12; *Fitzgerald* v. *Quann,* 109 id. 441; *Mangam* v. *Peck,* 111 id. 401; *T. N. Bank* v. *Guenther,* 17 N. Y. S. R.

405; *White* v. *Wood*, 18 id. 59; *Shepard* v. *Shepard*, 7 Johns. Ch. 57; *Tallinger* v. *Mandeville*, 113 N. Y. 432; *Simmons* v. *McElwain*, 26 Barb. 419; *Johnson* v. *Rogers*, 35 Hun, 267; *Townshend* v. *Townshend*, 1 Abb. [N. C.] 81; *Dominick* v. *Michael*, 4 Sandf. 374; *Radford* v. *Carwile*, 13 W. V. 683; *Sims* v. *Rickets*, 31 Ind. 181; Laws of 1848, chap. 200; Laws of 1860, chap. 90; Laws of 1862, chap. 172; *Thompson* v. *Comrs.*, 79 N. Y. 54; *Demarest* v. *Wynkoop*, 3 Johns. Ch. 129; *Bank of Albion* v. *Burns*, 46 N. Y. 170; *E. C. S. Bank* v. *Roop*, 80 id. 591; *Martin* v. *Rector*, 101 N. Y. 77; *Hawes* v. *Curtiss*, 52 L. T. 244.)  The learned trial judge erred in refusing to submit to the jury the question whether the conveyance by the plaintiff to Roosevelt and by Roosevelt to Mrs. Dean were intended to vest the legal title in her.  (*Munoz* v. *Wilson*, 111 N. Y. 295; *Sipple* v. *State*, 99 id. 287; *Wohlfahrt* v. *Beckert*, 92 id. 490; *Honegger* v. *Wettstein*, 94 id. 253; *Gildersleeve* v. *Landon*, 73 id. 432; *Kavanagh* v. *Wilson*, 70 id. 177; *Elwood* v. *W. U. T . Co.*, 45 id. 553; *Blaesi* v. *Blaesi*, 3 N. Y. S. R. 432; *Nicholson* v. *Connor*, 8 Daly, 222; *Lesser* v. *Wunder*, 9 id. 70; *Post-hoff* v. *Schreiber*, 47 Hun, 593; *Dey* v. *Dunham*, 2 Johns. Ch. 182; 15 Johns. 555; *White* v. *Moore*, 1 Paige, 551; *Warner* v. *Winslow*, 1 Sandf. Ch. 430.)

*Charles E. Whitehead* for respondent.  The plaintiff was in uninterrupted and actual possession of the premises, by reason of receipts of rents, since 1860, under claim of title, and may maintain an action of trespass against a wrong doer. (*Gardner* v. *Heart*, 1 N. Y. 528; *Stockwell* v. *Phelps*, 34 id. 362; *Bogert* v. *Haight*, 20 Barb. 251; *Alexander* v. *Hard*, 64 N. Y. 228; *Barry* v. *H. F. Ins. Co.*, 110 id. 1; *Odell* v. *Montrose*, 68 id. 499; *McMaster* v. *Ins. Co.*, 55 id. 222; *Trimm* v. *Marsh*, 54 id. 599, 607; *White* v. *Wager*, 25 id. 328; *Robinson* v. *Ryan*, 25 id. 320; *Ruggles* v. *Barton*, 13 Gray, 506; *Fryer* v. *Rockefeller*, 63 N. Y. 268, 275; *Jenkins* v. *Fahey*, 73 id. 355; *Pierce* v. *Nichols*, 1 Paige, 244; *Brown* v. *Haff*, 5 id. 235; *Timoney* v. *Hoppock*, 13 Civ. Pro. Rep.

361.) The evidence as to the vibration or jar of passing trains was proper. (*N. C. R. R. Co.* v. *Holland*, 10 Cent. Rep. 746; *In re U. C. R. R. Co.*, 56 Barb. 456; *In re N. Y. C. R. R. Co.*, 15 Hun, 63; *In re L. R. R. Co.*, 29 Hun, 1; *B. & P. R. R. Co.* v. *B. Church*, 108 U. S. 355; *Cogswell* v. *N. H. R. R. Co.*, 103 N. Y. 10, 25; *Ireland* v. *M. E. R. Co.*, 20 J. & S. 450; *Drucker* v. *M. R. R. Co.*, 106 N. Y. 164; *W. P. R. R. Co.* v. *Hill*, 6 P. F. Smith, 460.) The court was not bound to charge *seriatim* the requests of the defendant. (*Fay* v. *O'Niell*, 36 N. Y. 11; *Zabriskie* v. *Smith*, 13 id. 322, 338; *Bulkley* v. *Keteltas*, 11 Sandf. 450.) The exceptions to evidence of rentals and the course of rentals of the property before and after the erection of the railway, cannot avail. That this is the correct rule for the measure of damage is now well settled. (*Drucker* v. *M. R. Co.*, 106 N. Y. 157, 164; *Taylor* v. *M. R. Co.*, 18 J. & S. 1; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Colrick* v. *Swinburne*, 105 id. 503; *Glover* v. *M. R. Co.*, 19 J. & S. 1; *Griswold* v. *M. R. Co.*, Com. Pleas, Gen. Term, March, 1888.) The defendant objected to the evidence of plaintiff's witnesses as to rental values, on the ground that they were not experts. (*Bedell* v. *L. I. R. R. Co.*, 44 N. Y. 367; *Jarvis* v. *Furman*, 25 Hun, 391; *Slocovitch* v. *O. M. Ins. Co.*, 108 N. Y. 56.) The evidence offered as to the effect of the elevated railroad on Sixth avenue property not adjacent to Amity street was properly excluded. (*Peyser* v. *M. R. Co.*, 13 Daly, 122.) The class of tenants, the changes made in the property, and the rentability of property were pertinent to the issue. (*Drucker* v. *M. R. Co.*, 106 N. Y. 157, 163; 19 J. & S. 429.) Interest on the loss of rents was properly allowed to the time of trial. (*Mairs* v. *M. R. E. Assn.*, 89 N. Y. 498, 507; *Walrath* v. *Redfield*, 18 id. 457.) The exceptions to the charge, allowing the jury to discriminate as to the causes of damage, and to the refusals to charge that the annoyances complained of affected the tenant and not the owner, or that no recovery could be had for the injury to light, etc., are clearly untenable. (*Drucker* v. *M. R. Co.*, 106 N. Y. 157;

19 J. & S. 429; *Lahr* v. *M. R. Co.*, 104 N. Y. 268; *Glover* v. *M. R. Co.*, 19 J. & S. 1.) The verdict of the jury was fully warranted by the evidence. (*Green* v. *Fortier*, 80 N. Y. 640.)

O'Brien, J. The plaintiff brought this action for, and recovered a verdict of $2,205 damages against the defendant by reason of the unlawful construction and maintenance of its railroad structure in front of his premises in West Third street in the city of New York. The defendant admits that the damages awarded are not excessive, and that there is no reason for disturbing the verdict, providing the plaintiff has shown such title to and possession of the premises as enables him to bring and maintain the action. It is contended by the defendant that, upon the proofs given at the trial, the plaintiff had neither title nor possession, and, therefore, the recovery cannot be upheld.

The plaintiff gave in evidence a conveyance of the property and an assignment of the cause of action to him from his wife, executed and delivered after the suit was commenced, and in fact during the trial. These instruments were properly objected to by the counsel for the defendant, but were admitted by the trial court, and the defendant excepted. The court held, as matter of law, that the papers, in connection with other proofs of title, which will be referred to hereafter, estopped the wife from ever after making any claim to the property or the cause of action, and established title in the plaintiff.

It is quite clear that this proof was not admissible. The action was at law to recover for an injury in the nature of a trespass to plaintiff's real estate, and his rights could be determined only in accordance with the situation existing when the action was commenced. He must stand or fall with such title and right to recover as he then had, and no other. (*Wisner* v. *Ocumpaugh*, 71 N. Y. 113; *Prouty* v. *L. S. & M. S. R. R. Co.*, 85 id. 272; *Hollingsworth* v. *Flint*, 101 U. S. 591.)

Unless there was other conclusive evidence in the case to establish the plaintiff's title, the judgment cannot be upheld.

The plaintiff produced and put in evidence a deed to him from Isaac C. Deleplain and wife, dated September 6, 1860, and it was shown that from the delivery to him of this deed to the commencement of the action he had received the rents and profits of the premises. If the title conveyed to the plaintiff by this deed has not been divested by the conveyances subsequently made, and which will be presently referred to, then his right to maintain this action would be clear enough, and the deed and assignment from his wife, executed at the trial and above referred to, might be regarded as immaterial. But in order to show title out of the plaintiff, the defendant gave in evidence a deed from the plaintiff to his wife, dated April 28, 1879. Whether this instrument operated to divest the title of the plaintiff under the Deleplain deed of 1860, depends upon the effect to be given to a deed from husband to wife. The disability of husband and wife to convey lands to each other was wholly removed by the passage of chapter 537 of the Laws of 1887, but the question here must be determined with respect to the condition of the law upon this subject as it existed prior to the passage of that statute. It is not necessary now to cite authority in support of the proposition that a deed of lands from the husband to the wife, or from the wife to the husband, was void at common law. By the enactment of the statute just referred to the legislature recognized that rule as then existing. Fourteen years after the passage of the act of 1848 this court held that the common-law disability still continued, notwithstanding the legislation in behalf of married women (*White* v. *Wager*, 25 N. Y. 328); and three years later this rule was again reiterated (*Winans* v. *Peebles*, 32 N. Y. 423). More recently it was held that under a conveyance of lands to husband and wife jointly, they take, not as tenants in common or as joint tenants, but as tenants by the entirety, and upon the death of either, the survivor takes the whole estate. (*Bertles* v. *Nunan*, 92 N. Y. 152.) This result was reached by the application of the common-law doctrine of the unity of husband and wife, and that conveyances of this character were not affected by

the legislation in this state, in regard to the property of married women, and the cases of *White* v. *Wager* and *Winans* v. *Peebles* (*supra*) were both cited approvingly, in support of the rule that the common-law disability of husband and wife, growing out of their unity of person, to convey to each other, still existed. This court has quite recently held that the rule of the common law which made the husband liable for the torts of his wife, has not yet been abrogated. (*Fitzgerald* v. *Quann*, 109 N. Y. 441; *Mangam* v. *Peck*, 111 id. 401.) The decision in all the cases proceeded upon the ground that statutes changing the common law are to be strictly construed, and the latter will be held to be no further abrogated than the clear import of the language used in the statute absolutely requires, and hence that the common-law disabilities incident to the relation of husband and wife still exist, except in so far as they have been swept away by express enactments. As there was no statute prior to the year 1887, changing the common law with respect to deeds of land between husband and wife, it follows that the deed from the plaintiff to his wife did not operate to divest his title, unless the consideration was such as to enable a court of equity to uphold it. It is true that conveyances of real estate between husband and wife, though void at law, are sustained in equity when founded upon a valuable or meritorious consideration. (*Shepard* v. *Shepard*, 7 Johns. Ch. 57; *Hunt* v. *Johnson*, 44 N. Y. 27; *Tallinger* v. *Mandeville*, 113 id. 432.) This rule, however, requires the party setting up or claiming under the deed, to show such facts and to establish a consideration requiring a court of equity to sustain it. In the cases where equity interferes to sustain a deed between husband and wife, an equitable consideration must be shown, either upon the face of the conveyance itself or by extraneous proof. The defendant did not, in this case, erect any obstacle to the plaintiff's right of recovery by producing and putting in evidence a deed from the plaintiff to his wife expressing no equitable consideration. To accomplish the defendant's purpose, it was incumbent upon it to go further and show that the deed was in fact

given for such purpose, and upon such consideration as would
require a court of equity to sustain it as operative to divest the
husband of title.   The plaintiff had *prima facie* shown title
in himself through the Deleplain deed of 1860, and his receipt
of the rents and profits from that time to the commencement
of the action, and it then rested with the defendant to show
that the deed to the wife was of such a character, and based
upon such a consideration, as to change this title.   The defend-
ant cannot now insist that the deed is good in equity as
it failed to prove any fact upon which such a claim can be
predicated.   This was the situation when the defense closed ;
but both parties gave further evidence bearing upon the title,
which greatly embarrasses the question now.   The defendant
gave in evidence a deed from the plaintiff and wife to James A.
Roosevelt, dated June 9, 1880, and recorded immediately there-
after, and then the plaintiff produced another from Roosevelt
and wife to Estelle Dean, the wife of plaintiff, dated September
28, 1880, and still another from his wife Estelle directly to
himself, dated June 22, 1881, all of which conveyances were
duly acknowledged and recorded shortly after the respective
dates thereof.   The plaintiff then testified that the conveyance
by himself and wife to Roosevelt was to secure the payment
to the grantee of $2,300, which he paid in full in about three
months thereafter, and that then Roosevelt and wife conveyed
the premises back to his wife.   This testimony was not con-
tradicted, and if it was conclusive it proved that the deed
to Roosevelt was a mortgage, and that the money secured
thereby having been paid, the plaintiff's title was again rein-
stated ; that Roosevelt's deed to Mrs. Dean was nothing but
the assignment of a paid-up mortgage, and that her title was
precisely that which Roosevelt had before the conveyance to
her by him, and nothing more, and, therefore, her deed to her
husband of June 22, 1881, is not embarrassed by the common-
law disability of a wife to convey land to her husband, because
her conveyance was operative simply to discharge Roosevelt's
mortgage lien of record.   It has been repeatedly held that a
husband or wife may assign or transfer personal property

directly to each other. (*Armitage* v. *Mace*, 96 N. Y. 538; *Whiton* v. *Snyder*, 88 id. 299; *Rawson* v. *P. R. R. Co.*, 48 id. 216; *Phillips* v. *Wooster*, 36 id. 412.)

Hence the right of the wife in this case to assign to her husband, through the form of a conveyance, a paid up mortgage which came to her hands from Roosevelt cannot be doubted. After the extinguishment of Roosevelt's lien by payment, the subsequent conveyances by him to the wife, and by her to the plaintiff, could give no other right than to enable the grantee to discharge the mortgage of record and place the title in the same condition that it was in when the lien was given. This result, however, must depend upon the testimony of the plaintiff, who alone testified that the conveyance to Roosevelt, absolute upon its face, was in fact given as security for a debt which he paid. Nor is there any other fact or circumstance in the case to corroborate his testimony. He was an interested party, and here at this point the plaintiff's case encounters a difficulty that we think is fatal to this judgment.

The defendant's counsel requested the court to charge the jury as follows: "That the jury are not bound to believe the plaintiff's statement that the deed given by himself and wife to Mr. Roosevelt was a mortgage, and not a conveyance, because he is an interested witness; the papers on their face purport to be deeds, and not mortgages, and he calls no other party to the transaction to corroborate his statements." And he also requested the court to charge "that if the jury find that the conveyance of Dean and wife to Roosevelt, and the conveyance of Roosevelt to Mrs. Dean in 1880, were intended to pass the title of this property to Mrs. Dean, as appears on the face of the deeds, then the verdict in this case must be for the defendant." The court refused to charge either of these propositions and the defendant's counsel excepted. It was possible for the jury to find, in accordance with the view suggested by the requests, that it was the intent of all the parties to these conveyances to vest the title in Mrs. Dean; and besides, the testimony of the plaintiff that the deed to Roosevelt was in fact a mortgage, was

not conclusive, for the witness was an interested party. The testimony by means of which it was sought to convert a deed, absolute in its terms, into a mortgage, should have been submitted to the jury, and the court should have charged as requested. (*Munzo* v. *Wilson*, 111 N. Y. 295 ; *Sipple* v. *State*, 99 id. 287 ; *Wohlfahrt* v. *Beckert*, 92 id. 490 ; *Gildersleeve* v. *Landon*, 73 id. 609 ; *Kavanagh* v. *Wilson*, 70 id. 177 ; *Elwood* v. *W. U. T. Co.*, 45 N. Y. 553.)

It is further contended on the part of the defendant that this action is in its nature, one to recover damages for an injury to possession, and that even if the plaintiff had the legal title, and was in receipt of the rents, yet, as he was not in the actual occupancy of the premises he cannot maintain the action. A motion to dismiss the complaint upon the ground that the plaintiff had not made out a cause of action is entirely too general to raise such a question, and that is the only way it was attempted to be raised in the court below. Moreover there is no proof in the case that at the time of the commencement of this action, or during the period for which damages were claimed, there was any one in possession who had any estate or term under the plaintiff sufficient, under any circumstances, to enable him to maintain an action of this character.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.