CHENEY v. THORNTON.

(*Supreme Court, General Term, Fourth Department.* February, 1892.)

MORTGAGES—VALIDITY—CONSIDERATION—HUSBAND AND WIFE.

In an action to foreclose a mortgage on land executed by defendant to her husband, before the passage of Laws 1887, c. 537, authorizing conveyances of land directly from a husband to his wife or from a wife to her husband, it appeared that the husband was the former owner of the land, on which were two mortgages; that he conveyed the land to his mother; that his wife purchased the mortgages and foreclosed them, and at the sale purchased the property, at which time the mortgage in question was executed. Defendant testified that she received nothing whatever for the mortgage. Her evidence on this point was uncontradicted. *Held,* that the trial court was not justified in finding that defendant's husband had any interest in the land which was a sufficient consideration for the mortgage.

Appeal from special term, Onondaga county.

Action by Jerome L. Cheney, receiver, against Ann Thornton. From a judgment for plaintiff entered at special term defendant appeals. Reversed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Robert E. Drake,* for appellant.　*P. J. Ryan,* for respondent.

MARTIN, J. This action was to foreclose a mortgage. It was brought by the plaintiff, as receiver of the property of Joseph Thornton, a judgment debtor. The plaintiff was appointed in proceedings supplementary to execution instituted by Nicholas Joy upon a judgment obtained by him, and entered in Onondaga county. The mortgage sought to be foreclosed was given by the defendant to Joseph Thornton on the 5th day of October, 1885. When it was given, the defendant and Thornton were husband and wife. They were married in May, 1879. Prior to April 30, 1877, Thornton was the owner of the premises covered by the mortgage in question. On that day he conveyed them by warranty deed to Catharine Tobin, his mother, the consideration mentioned therein being $2,500. At the time of such conveyance the premises were incumbered by two mortgages,—one given by Thornton to Peter Tobin, February 1, 1877, to secure the payment of $300 and interest; and the other was held by the Onondaga County Savings Bank, and given to secure the payment of $1,000 and interest. Both of said mortgages were subsequently purchased by and assigned to the defendant,—the $300 mortgage on January 2, 1880; the $1,000 mortgage on January 4, 1882. At the time of her death Catharine Tobin owned the premises subject to these two mortgages. By her will she devised them to Thornton's son, John. Whether John is living or dead is unknown. In 1885 the defendant commenced an action to foreclose the $1,000 mortgage. The mortgage was foreclosed, the premises sold to the defendant, and a deed duly executed to her therefor October 5, 1885. On the same day the mortgage in suit was executed, and purported to be given to secure the sum of $2,500. The validity of this mortgage is substantially the only question involved in this suit. It must be admitted at the outset that the plaintiff, as receiver, acquired only such rights as the defendant's husband possessed at the time of the plaintiff's appointment.

The appellant insists upon this appeal, as she did at special term, that the mortgage in suit was invalid as a legal contract, by reason of the marital relation which existed between the parties thereto when it was given, and that it ought not to be enforced in equity, as it was a mere voluntary agreement, without consideration, and not shown to have been equitable, just, or fair. The common-law doctrine that husband and wife cannot contract with each other has not been changed by the legislation in this state respecting the rights of married women, (unless by the act of 1887,[1] which is not applicable

[1] Chapter 537.

to this case,) and contracts between them before 1887 are legally invalid. Courts of equity, however, will give effect to transactions or agreements between husband and wife so far as they are just and fair, and equitably ought to be enforced, but will not enforce a mere voluntary agreement, not founded upon any consideration, either in favor of the wife against the husband, or in his favor against her. *Hendricks* v. *Isaacs*, 117 N. Y. 411, 22 N. E. Rep. 1029. Prior to the act of 1887 a deed from husband to wife, or from wife to husband, was void, and did not operate to divest the grantor of title, unless founded upon a valuable or meritorious consideration, such as would enable a court of equity to sustain it. The burden is upon the party claiming under such a deed to prove the consideration. *Dean* v. *Railway Co.*, 119 N. Y. 540, 23 N. E. Rep. 1054. The trial court found "that neither at the time of the giving of said mortgage, nor at any time before or since, has the defendant received any money as a consideration for said mortgage." But it also found "that the said Joseph Thornton had a certain interest in the said property sufficient to support the said mortgage, and render the same a valid security, and there was a good and valid consideration for the same, and that the said mortgage was executed by defendant to the said Joseph Thornton for his interest in the said mortgaged premises described in the complaint previous to the foreclosure of the mortgage in 1885." On the trial the defendant testified that no money passed between her and her husband, and that she received nothing whatever for the mortgage. This evidence was uncontradicted, and was direct proof that there was no consideration for this mortgage. When we examine all the evidence given on the trial, we find none that would justify a finding that the mortgage in question was founded upon any sufficient consideration, or was other than a voluntary contract between the parties. We think the evidence was not sufficient to justify the court in finding that the defendant's husband had any interest in the premises which was a sufficient consideration to uphold a mortgage between husband and wife. It is manifest from the opinion of the learned trial judge that he was totally unable to describe what interest the defendant's husband had in the premises, or from the proof before him to determine that he actually had any interest whatever. The most he was able to say upon the subject was that he might have had some interest which was sufficient to constitute a consideration for the mortgage in question. An examination of his opinion discloses, we think, that his finding that the defendant's husband had an interest in the mortgaged premises was in fact based upon conjecture, rather than upon proof. As we have already seen, the burden of proving that this mortgage was based upon a sufficient consideration, and that it was fair and just, and equitably ought to be enforced, was upon the plaintiff. This burden he has not successfully borne. We are of the opinion that the evidence was insufficient to justify the judgment awarded, and that it should be reversed. Judgment reversed on the facts, and a new trial ordered, with costs to abide the event. All concur.