### TIERNEY v. PEERLES SHOE CO.

(City Court of New York, General Term.  January 29, 1901.)

BILLS AND NOTES—ACTION—COUNTERCLAIM.
   In an action by an assignee on a note payable to him, a claim against him for rent of buildings during the time which he was carrying on the assigned business, and which claim was assigned to the defendants, was a proper counterclaim.

Appeal from trial term.
Action by William J. Tierney against the Peerles Shoe Company. From a judgment in favor of plaintiff, defendant appeals.  Reversed.
   Argued before McCARTHY, CONLAN, and SCHUCHMAN, JJ.

Thompson & Maloney, for appellant.
John T. Fenlon, for respondent.

PER CURIAM.  The complaint alleges a cause of action on a promissory note of the tenor following:
"375.                              New York, October 26, 1898.
   "Seven months after date, we promise to pay to the order of Sheridan S. Norton, as assignee, three hundred and seventy-five $00/100$ dollars, at our office, 430 West 14th street, New York City, with interest;  value received; with current rate of exchange.            Peerles Shoe Company,
   "Due May 26, 1899.                         S. A. Byers, Treas."

The answer sets up a counterclaim of $947.87 for rent, owing by Sheridan S. Norton, as assignee, of premises No. 430 West Fourteenth street, New York City, owned by Henry Mienken, and an assignment of said claim to the defendants.  The assignee was clearly liable for the rent during the time the assigned business was carried on at 430 West Fourteenth street to the owner, Mienken; and the defense, having an assignment of that claim, could have it set off against the note.  Even if the counterclaim, instead of being for rent, had been for use and occupation, it would have been a good counterclaim, and we think that the trial judge should have allowed the amendment of the answer according to the proofs.  But it was error for the trial judge to take the case from the jury, as the testimony of the assignee, Norton, he being the real party in interest as payee and indorsee of the note, must be passed upon by the jury. Dean v. Railway Co., 119 N. Y. 540, 23 N. E. 1054;  Goldsmith v. Coverly, 75 Hun, 48, 27 N. Y. Supp. 116.
   Judgment appealed from reversed, and a new trial granted, with costs to the appellant to abide the event.