### SILVEY v. LEHIGH VALLEY R. CO.

(Supreme Court, Special Term, Erie County.   November, 1914.)

TRIAL (§ 210*)—INSTRUCTIONS—INTERESTED WITNESS.
     Where plaintiff alone testified to his injuries, and many witnesses testified that he was not hurt, the refusal of an instruction that plaintiff's testimony could be disregarded, because of his interest, is prejudicial error.
     [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 490–494, 501; Dec. Dig. § 210.*]

Appeal from City Court of Buffalo.
Action by Raymond Silvey against the Lehigh Valley Railroad Company.   From a judgment for plaintiff for $254.95, defendant appeals. Reversed and remanded.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes-

Thomas R. Wheeler, of Buffalo, for appellant.

Lawrence J. Collins, of Buffalo, for respondent.

BROWN, J.   The only witness who testified to any injury of plaintiff's person by the defendant was the plaintiff himself.   Many witnesses testified that the plaintiff was not injured.   A sharp question of fact was thus raised.   The defendant requested the trial court to charge the jury that the "plaintiff is an interested witness; that they may disregard his testimony entirely on account of such interest." This request was denied, and an exception taken by defendant.   The question being so close, the interest of the plaintiff being so clear, the weight of his testimony being so vital, it was prejudicial error to virtually instruct the jury, just as they were about to consider this case, that they could not disregard plaintiff's testimony entirely on account of such interest.   It was in effect saying that the interest of the plaintiff could not be a ground for disregarding his testimony; that, no matter how great the interest of the plaintiff might be, his testimony could not legally be disregarded solely because of such interest.   This error is fatal to plaintiff's judgment.   Dean v. M. E. R. Co., 119 N. Y. 549, 23 N. E. 1054.

Judgment reversed, and new trial ordered in City Court November 30, 1914, 10 a. m.   Costs to abide event.