*Lawrence E. French* for appellant.

*Merle I. St. John* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

FRANK SPARLING, Respondent, *v.* LOUIS B. WADE et al., Copartners under the Firm Name of WADE, TEMPLETON & Co., Appellants.

*Stockbrokers — action to recover for failure of stockbroker to sell stocks as directed.*

*Sparling* v. *Wade*, 216 App. Div. 711, affirmed.

(Submitted May 28, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 4, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict. The action was to recover from defendants, stockbrokers, damages alleged to have been sustained by plaintiff by reason of their failure to sell as directed, certain stocks held by them for plaintiff's account and also to recover a balance alleged to be due on sale of securities.

*Herbert P. Queal* for appellants.

*Milton Mayer* and *Goodman Block* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, ANDREWS and LEHMAN, JJ. Dissenting: CRANE, J.

---

BENJAMIN BOROWITZ et al., Respondents, *v.* PETER SCALISE, Appellant.

*Real property — nuisance — fences — defendant enjoined from maintaining on his premises wall over ten feet in height closing windows on adjoining premises.*

*Borowitz* v. *Scalise*, 215 App. Div. 827, affirmed.

(Submitted May 28, 1926; decided July 9, 1926.)

APPEAL, by permision, from a judgment of the Appellate Division of the Supreme Court in the second judicial

department entered January 14, 1926, unanimously affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term in an action to restrain the defendant from maintaining a brick wall on his premises over ten feet in height shutting up windows on plaintiff's adjoining premises. The plaintiffs constructed two windows in the westerly wall of their building at the third floor level, opening flush upon the defendant's property, and the defendant erected on his land a building which, though in general but two stories in height, has an easterly wall which extends upward beyond the general roof level to a point above the top of the plaintiffs' windows. The trial court held that the wall was a private nuisance under section 3 of the Real Property Law.

*Clarence G. Bachrach* for appellant.
*Herbert N. Warbasse* and *H. L. Salpeter* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

ANNA COHEN et al., as Administrators of the Estate of GUSSIE COHEN, Deceased, Appellants, *v.* THE CITY OF NEW YORK, Respondent.

*Negligence — master and servant — motor vehicles — action to recover for death of plaintiff through being struck by motor truck — deviation by driver for own purposes from route directed by master.*

Cohen v. City of New York, 215 App. Div. 382, affirmed.
(Argued May 31, 1926; decided July 9, 1926.)

APPEAL from a judgment entered February 18, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiffs entered upon a verdict and directing a dismissal of the complaint in an action to recover for the death of plaintiffs' intestate alleged to have been sustained through the negligence of defendant. Intestate was killed by a motor truck owned by defendant