122 East 40th Street Corporation, Respondent, *v.* Dranyam Realty Corporation and Another, Appellants.

First Department, May 10, 1929.

*Albert S. Wright* of counsel [*Parsons, Closson & McIlvaine,* attorneys], for the appellants.

*Yorke Allen* of counsel [*Stoddard & Mark,* attorneys], for the respondent.

Finch, J. The action is for a permanent injunction to have a screen wall declared a private nuisance under section 3 of the Real Property Law. The appeal is from an intermediate order granting an injunction *pendente lite* prohibiting the wall from being constructed to a height over ten feet from the level of the bottom of the excavated courtyard.

The building owned by the plaintiff is a sixteen-story and basement apartment hotel, completed in the fall of 1928. The building was built flush along the plaintiff's westerly line, windows in plaintiff's building looking out from every floor upon defendants' courtyard.

In 1923 defendants erected an eight-story, basement and pent house apartment adjoining the property of the plaintiff and having

an interior light court abutting on the east on the property line between defendants' and plaintiff's property. The level of the soil of defendants' light court through excavation is ten and one-half feet lower than the curb level of the street. Defendants operate their building as a strictly high-class apartment house, appealing to a class of tenants demanding quiet. From the windows of plaintiff's building, since its completion, there have issued loud noises and disagreeable odors, practically without interruption, though varying day by day in intensity and at different hours of the day. Particularly is this true with respect to plaintiff's basement windows which look out from the kitchen or pantry and from which escape odors of cooking and noises of dish washing and other activities. These conditions appear early and late, interfering with sleep and comfort.

As the only lawful means available to defendants for abatement of these conditions created by the plaintiff and its tenants, defendants propose to erect, in accordance with plans and specifications approved by the building and tenement house departments, a brick wall and superimposed metal screen to extend along the easterly line of the courtyard of the defendants in close proximity to but not touching plaintiff's wall in such fashion as to be built solely upon the premises of defendants and so as to shut off as far as possible the odors and noises issuing from the windows of the plaintiff's building. The defendants allege that the cutting off of these noises and odors is essential to prevent irreparable damage to the defendants through loss of their tenants, lowering of rents and depreciation in value of their real estate.

For the determination of this appeal we do not have to consider the question whether under the circumstances the defendants should be prohibited from erecting a wall upon their property to any height, for the reason that the appellants upon the argument only sought the right pending the action to build ten feet in height above the legally established grade of the street as measured at the curb.

By chapter 374 of the Laws of 1922 the Legislature added section 3 to the Real Property Law, which declared fences and structures under certain conditions to be private nuisances and abatable as such by the adjoining owner. This legislation, in brief, provided for the abatement of a fence or structure which shall exceed ten feet in height, shutting out adjoining land from the enjoyment of light or air, but provided that this should not preclude the owner or lessee of land from hereafter improving the same by the erection thereon of any structure in good faith.

It is clear that the legislation in question only intended to

prevent, by section 3 of the Real Property Law, fences or structures exceeding ten feet in height measured from the natural level of the soil or, where there was a legally established grade, from the legally established grade of the street as measured at the curb. In the first place, section 3 of the statute being in derogation of the right of the defendants at common law to build what they please upon their own property, must be strictly construed, and, therefore, in case of any doubt as to the meaning, must be construed in favor of the defendants. (*Dean* v. *Metropolitan Elevated R. Co.*, 119 N. Y. 540.) In that case, Judge O'BRIEN, writing for the court, said: " The decision in all the cases proceeded upon the ground that statutes changing the common law are to be strictly construed, and the latter will be held to be no further abrogated than the clear import of the language used in the statute absolutely requires   *   *   *."

The respondent urges that the statute means that the Legislature did not legislate with certainty, namely, that the ten feet in height should not be measured from the natural level of the soil or the legally established grade of the street as measured by the curb, but that the measure must be from the bottom of any excavation or from the top of any structure. For instance, if, instead of the defendants' courtyard being excavated ten and one-half feet below the natural level, there had been an artificially created mound for ten feet, that then the ten feet for the fence should be measured from the top of the mound. In other words, in the case at bar that where there is an excavation exceeding ten feet in depth the defendants may not erect a wall at all above the surface of the ground for the first portion of the boundary line, and where there is a structure over the remaining boundary line, that the defendants may not erect a wall along the remaining easterly boundary line resting upon the roof of its building and cutting off the plaintiff's tenth story window. Of course, this principle urged by the respondent would lead to unreasonable results and could not have been in the mind of the Legislature. Such a construction affords to the adjacent owner sought to be benefited no certain or dependable measure. On the other hand, if we fix the natural surface of the ground or the legally established grade of the street at the curb as a point of measurement, this does not fluctuate with temporary conditions. Certainty is definitely established and the adjacent owner may proceed with safety and assurance. If the construction adopted by the court at Special Term is correct, the defendants could, by refilling the courtyard, erect the wall they desire. The Legislature could not have intended that the protection of the adjacent owner should thus turn upon the whim of the defendants

in doing or refraining from doing such an act. Furthermore, the statute should be construed in the first instance by using the language in its ordinary and every day meaning. The word " height " means elevation, altitude, distance upwards. There must be a point or base from which measurement is made. This point may be specifically designated, but in the case of things having their base upon the ground the point of measurement is, generally speaking, understood to be the surface of the ground. Thus when we speak of the height of a tree or the height of a building, we speak of the distance above the surface of the ground; and when we speak of a structure below the surface, we speak not of height but of depth. We do not speak of the height of a well, although a person standing at the bottom may easily think of it in terms of height. In all these cases it is as though the observer assumed himself to be on the ground and speaks from that usual point of observation that everything below him is depth and above him is height. In addition to the popular use of the word " height," there is a technical sense in which it is, by custom and common usage, employed in the city of New York in reference to buildings and structures. Take the case of a city ordinance and of a resolution of similar import, both in effect long prior to the enactment of section 3 of the Real Property Law in 1922. The Building Code of the City of New York (§ 2, subd. g, adopted 1916), as contained in the Code of Ordinances of the City of New York (Chap. 5, § 2, subd. g), provides: " The term ' height ' as applied to a building or structure means the vertical distance, measured in a straight line from the curb level." The Building Zone Resolution of the Board of Estimate and Apportionment (Art. 1, § 1, subd. (f), adopted July 25, 1916, readopted October 3, 1924) reads: " The ' height of a building ' is the vertical distance measured * * * from the curb level to the level of the highest point of the roof * * *. Where a building is a tenement house * * * such measurement shall be from the curb level as that term is used in said law."

Furthermore, section 3 of the Real Property Law has been so construed by judicial authority. (*Borowitz* v. *Scalise*, 243 N. Y. 560, affg. 215 App. Div. 827, which affirmed without opinion a holding of the trial court whereby defendant was restrained from maintaining a brick wall on his premises which extended beyond the general roof level to a point above the top of windows of plaintiff.) In other words, there the defendant owner shut out the plaintiff's light with a " spite fence " on top of his roof, which " spite fence " did not exceed ten feet in height from the roof level. The court,

therefore, disregarded the principle urged by the respondent in that case and in this case that the ten feet should be measured from any artificial condition, namely, an excavation or the top of an erected structure, and applied instead the rule that the point of measurement should be upwards from the natural level of the soil or the established grade at the curb.

It follows that the order appealed from should be modified so as to exclude from the operation of the injunction so much of defendants' proposed structure as will not be in excess of ten feet in height above the legally established grade of the street as measured at the curb, and as so modified affirmed, with ten dollars costs and disbursements to the appellants.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order modified so as to exclude from the operation of the injunction so much of defendants' proposed structure as will not be in excess of ten feet in height above the legally established grade of the street as measured at the curb, and as so modified affirmed, with ten dollars costs and disbursements to the appellants. Settle order on notice.