EDNA BOSE, Plaintiff, *v.* UNITED EMPLOYMENT AGENCIES, INC., Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, March 9, 1951.

*Stephen J. Rudd* for plaintiff.

*David Altman* for defendant.

FEIDEN, J. Pursuant to a newspaper advertisement inserted by the defendant, an employment agency, advertising for waitresses at a resort hotel in Florida, plaintiff appeared at the office of the defendant. She was interviewed by David Wahrburg, its vice-president, who being satisfied that she was a qualified waitress, introduced her to Morton A. Mincher, concededly duly authorized to act for the Hotel Sorrento, Miami Beach, Florida, who coincidentally happened to be at the employment agency in connection with his efforts to hire employees for said hotel. Mincher, after interrogating plaintiff, was satisfied with her qualifications. He told Wahrburg to have her report at the hotel on December 15, 1948. At this point plaintiff was given a card by defendant containing particulars of the

position. Plaintiff thereafter proceeded to the hotel, arriving there pursuant to the instructions, on December 15, 1948. Unfortunately, construction on the hotel was being completed. She was advised that it would be necessary for her to wait until the hotel opened. After waiting about ten days, she refused to wait any longer, returned to New York and then brought this action to recover for transportation costs, the $10 fee paid to the defendant, lost wages and other expenses.

It is important to note that paragraphs " V " and " VI " of the complaint allege that said Mincher, acting on behalf of the hotel, represented that the position was available and that plaintiff could start work upon journeying to Florida and that relying upon said representation, she accepted the position.

Plaintiff places her chief reliance on subdivision 5 of section 186 of the General Business Law, which reads in part as follows: " A licensed person shall not direct an employee to employment without having first obtained, either orally or in writing, a bona fide order therefor, and if it shall appear that no employment of the kind specified by the employment agent existed at the place to which said employee was directed, or if no other employment in substitution thereof is accepted by the employee, the said licensed person shall refund to said employee within twenty-four hours of demand (legal holidays excepted) any sums paid by said employee for transportation in going to and returning from said place and all fees paid by said employee to said licensed person."

The record shows that defendant had dealt with Mincher for at least fifteen years and had a right to rely on his order for waitresses. There is no showing of a lack of good faith on the part of the employment agency or that the relationship between plaintiff and the agency was other than the usual one between a job seeker and a placement agency.

If plaintiff is to succeed in this action the court must find that where an employment agency receives a bona fide order for an employee and in good faith sends a prospective employee to fill such position, if, through no fault of the agency, the position has either been filled or is not available, the employment agency is responsible " for transportation in going to and returning from said place and all fees paid by said employee ". The plaintiff in effect urges that employment agencies must be guarantors that the position is in existence at the time the employee arrives at the place of employment. A holding in favor of plaintiff's contention would be an enlargement of the common-law obligation of employment agencies. If it was the

intention of the Legislature in enacting subdivision 5 of section 186 of the General Business Law to impose a new right or obligation to clients of employment agencies theretofore unknown at common law, the statute would have clearly made such provision. Statutes creating rights or benefits not recognized by the common law must be strictly construed. (3 Sutherland on Statutory Construction [3d ed.], § 6201.) Where a change in the common law is to be effectuated the legislative intent to do so must be clearly and plainly expressed. (*Dean* v. *Metropolitan El. Ry. Co.*, 119 N. Y. 540, 547; *People* v. *Fanshawe*, 137 N. Y. 68, 75; *Woollcott* v. *Shubert*, 217 N. Y. 212, 220; *Jones* v. *City of Albany*, 151 N. Y. 223, 228; *People* v. *Wilson*, 151 N. Y. 403, 409.) To construe the statute as urged by the plaintiff would place on employment agencies the responsibility of investigating each order for an employee or employees. If the Legislature intended such responsibility, the language of the statute would have clearly expressed such purpose. (*Highway Trailer Co.* v. *Janesville Elec. Co.*, 187 Wis. 161; *Reeder* v. *Lehigh Valley Coal Co.*, 231 Pa. 563.)

The first portion of the first sentence of the statute under consideration is a prohibition against agencies directing an employee to employment without having first obtained a bona fide order. The second portion of the sentence provides for the return of transportation expenses and the fee paid by said employee. It is clear therefore that the employee is entitled to relief only where there was a violation of the prohibition.

It is apparent from a reading of this statute and the section quoted that the Legislature intended to discourage agencies from sending applicants to prospective employers where the employer had made no request. In such a case the Legislature intended to penalize the agency by requiring it to refund the fee paid to it plus transportation charges. The Legislature may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied. (*Dean* v. *Metropolitan El. Ry. Co.*, 119 N. Y. 540, 547; *Bindert* v. *Elmhurst Taxi Corp.*, 168 Misc. 892.)

In this action it is clear from the evidence that the agency acted in good faith; that it did have a bona fide order for employment and that the plaintiff was actually hired by the Hotel Sorrento through its authorized agent, Morton A. Mincher. The court holds that when the plaintiff was advised by Wahrburg to be in Florida he did so as agent for the hotel. There is no evidence of lack of good faith on the part of the agency. The employment agency not having violated the pro-

hibition of the first sentence of subdivision 5 of section 186 of the General Business Law is not required to return the fee or to pay the transportation costs of plaintiff. While plaintiff may, on a proper showing, have some remedy, it is not against this defendant. Judgment for defendant.