■ DU BOIS CONCRETE PRODUCTS CORPORATION, Appellant, v. SADDLE ROCK HOMES CORPORATION et al., Defendants, and CAR-VEL REALTY CORP., Respondent.— Appeal from an order dismissing the complaint for failure to serve a copy thereof upon Car-Vel Realty Corp., pursuant to section 257 of the Civil Practice Act. Order modified by adding to the ordering paragraph the words " Car-Vel Realty Corp." after the word " defendant " and the words " as against said defendant Car-Vel Realty Corp." after the word " complaint ". As so modified, order unanimously affirmed, with $10 costs and disbursements to respondent. The motion having been made by respondent, the order should have provided that the complaint be dismissed only as against respondent. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ CHARLES FLORES, Respondent, v. GINO FRANCESCHINI, Appellant.— In an action by a property owner against his adjoining property owner to compel removal of so much of a wooden fence as exceeds the height of ten feet, measured vertically from the established grade at the curb, the appeal is from a judgment for respondent, after trial upon stipulated facts. Judgment reversed on the law, without costs, and complaint dismissed, without costs. The findings of fact are affirmed. The holdings in the cases of *122 East 40th St. Corp.* v. *Dranyam Realty Corp.* (226 App. Div. 78) and *Weinstein* v. *Weisser* (240 App. Div. 724) should be limited to the facts therein. In neither of them was there an issue of curb level versus natural level of the ground. To apply rigidly the rule enunciated in those cases to the one at bar would achieve a result contrary to the intent of those cases and section 3 of the Real Property Law. In this case, where the adjoining lots are both above curb level and are at substantially the same elevation, the height of the fence should be measured from the natural level of the ground upon which it rests. So measured, it does not exceed a height of ten feet and does not violate the law. Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ MARY GIARDINA, Respondent, v. JEROME GIARDINA, JR., Appellant.— Appeal from (a) an order dated July 7, 1954, which modified a judgment of separation so as to allow appellant limited visitation rights and adjudged him in contempt for nonpayment of alimony and a counsel fee directed to be paid by said judgment; (b) an order dated September 14, 1954, which denied reargument of the prior motion, and (c) an order dated September 16, 1954, which resettled the order dated July 7, 1954, so as to provide for the denial of appellant's motion to open his default at trial. Resettled order dated September 16, 1954, affirmed, without costs. No opinion. Appeal from order dated July 7, 1954, dismissed, without costs. This order was superseded by the resettled order dated September 16, 1954. Appeal from order dated September 14, 1954, dismissed, without costs. No appeal lies from an order denying a motion for reargument. Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ., concur.