■ CENTRAL SCHOOL DISTRICT No. 4 OF THE TOWN OF BROOKHAVEN, Respondent, v. BELLPORT TEACHERS ASSOCIATION et al., Appellants.— In a proceeding to stay arbitration demanded by appellants, the appeal is from an order of the Supreme Court, Suffolk County, entered May 11, 1970, which granted the application. Order reversed, on the law, with $20 costs and disbursements, and application denied (*Board of Educ., Union Free School Dist. No. 3, Town of Huntington* v. *Associated Teachers of Huntington,* 30 N Y 2d 122; cf. *Matter of Weinrott [Carp],* 32 N Y 2d 190). Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ ALBERT I. COHAN et al., Appellants, v. FLEUROMA, INC., et al., Respondents.— In an action for injunctive relief and to recover damages for trespass, plaintiffs appeal from a judgment of the Supreme Court, Queens County, dated April 28, 1972 and made after a nonjury trial, which dismissed their complaint and declared, upon defendants' counterclaim, *inter alia,* that " defendants have permanent easements of light, air and access " upon and over plaintiffs' property. Judgment modified, on the law and the facts, by deleting from the first decretal paragraph thereof the words " light, air and ". As so modified, judgment affirmed, without costs. There is no evidence of any express grant of an easement of light and air to defendants or their predecessors in title; and defendants do not claim otherwise. Since easements of light and air cannot be acquired by prescription in this State (cf. *Parker* v. *Foote,* 19 Wend. 309; 2 Warren's Weed, New York Real Property, Easements, § 22.01), it was error to declare that defendants had such easements. In our opinion, the trial court properly declared that defendants have a permanent easement of access upon and over plaintiffs' property and the right to use it for all lawful street purposes. Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.

■ In the Matter of 828 ASTRO CORP. et al., Respondents, v. JOHN BURKE et al., Constituting the Town Board of the Town of Oyster Bay, Appellants.— In a proceeding pursuant to article 78 of the CPLR to review appellants' determination, dated August 10, 1971, which denied petitioners' application for a special use permit to erect 32 additional motel units to their existing motel premises, the appeal is from a judgment of the Supreme Court, Nassau County, entered October 26, 1972, which (1) annulled the determination and (2) directed appellants to issue such permit. Judgment affirmed, without costs. No opinion. Martuscello, Acting P. J., Gulotta and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse and to remand the matter to appellants, with the following memorandum: The matter should be remanded to Special Term to explore the basis for the findings made by appellants in denying the application.