■ In the Matter of the MURRAY HILL COMMITTEE, INC., et al., Appellants-Respondents, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Respondents, and 52 PARK ASSOCIATES, Intervenor-Respondent-Appellant. — Order and judgment (one paper) entered October 19, 1982, Supreme Court, New York County (Hilda Schwartz, J., on decision; Martin Stecher, J., pursuant to CPLR 9002) which dismissed several CPLR article 78 petitions seeking to annul a resolution of the board of estimate granting an application for a special building permit, unanimously modified, on the law and the facts, to the extent of declaring that the proposed building will not be in violation of a 1940 "Party Wall Agreement," and the order and judgment is otherwise affirmed, without costs. Intervenor 52 Park Associates is the owner of property in an R10 zoning district — which permits, as of right, residential and community facilities — and in September of 1981 it sought a special permit from the city planning commission (CPC) to modify the height and set-back requirements on its proposed structure. Under the Housing Quality Program (Zoning Resolution of City of New York, § 74-95 *et seq.*), the CPC may modify its regulations where it can make the following four findings: "(1) That the *development* results in superior urban design relationships to the surrounding neighborhood and has beneficial impact on the surrounding community. (2) That the type, size and location of recreation space provided within the *development* results in facilities which meet the needs of the intended residents. (3) That public corridors, sidewalks, *Lobby* and other *Public, semi-public* or *private outdoor spaces* are designed to promote security and safety of persons and property. (4) That the design of *building* interiors results in interior usable spaces of high quality and amenity in terms of such elements as apartment size, privacy, ventilation and storage facilities." Despite a negative recommendation by the local community board (No. 6), the CPC approved the application, as was its right under subdivision e of section 197-c of the New York City Charter (uniform land use review procedure), certifying to the board of estimate that the four requirements of the Housing Quality Program, *supra,* had been met. However, the exact language employed in describing its first finding was slightly different from the statute, to wit: "That the development results in superior urban design relationships to the surrounding community." Not noticing this rewording, or not finding it significant, the board of estimate approved the grant of a special permit to intervenor, following the appropriate public hearing. Special Term found, and we agree, that the change in language was a typographical error and inadvertent. Both the CPC and the board of estimate followed the appropriate rules and procedures in making their determinations. Their

actions were consistent with the evidence in the record and were neither arbitrary nor capricious. We therefore affirm the order and judgment of Special Term, modifying only to declare that the proposed building does not violate, if indeed it is subject to, the terms of a 1940 "Party Wall Agreement." To the extent that the proposed building will block some windows in the adjacent building we find no "molestation" or "trouble" to appellant's interest as secured by the party wall agreement. What petitioners refer to as the easement granted by this document must be limited by its reference to boundary lines, and an easement of light and air cannot be imported by mere implication. (*Pica v Cross County Constr. Corp.*, 259 App Div 128, 132; *Cohan v Fleuroma, Inc.*, 42 AD2d 741; compare *D'Onofrio v Central Sav. Bank in City of N.Y.*, 176 Misc 709, 710.) Concur — Sandler, J. P., Sullivan, Ross, Carro and Milonas, JJ.