OPINION OF THE COURT
Edward J. Greenfield, J.
Plaintiffs, tenants at 301 East 47th Street, New York, New York, where they occupy a duplex penthouse, seek to enjoin preliminarily the owners of a building next to theirs from erecting an elevator tower and cooling system above their building. Defendants cross-move to dismiss the action on the ground that it fails to state a cause of action.
The cross motion is granted and the motion is denied.
In their complaint, plaintiffs assert two causes of action: the first alleges that the tower will cause irreparable damage as a private nuisance (see, generally, Copart Inds. v Consolidated Edison Co., 41 NY2d 564) which “will imperil the comfort, convenience and health of all tenants who may occupy the floors affected thereby whose enjoyment of light and air will be seriously impaired.” The second cause of action also grounded in private nuisance alleges that the cooling system will create noises and disturbances and seeks to permanently enjoin its erection.
Plaintiffs have no natural or inherent right to light or air and may not complain that either has been cut off by *613 the erection of buildings on adjoining land (1 NY Jur 2d, Adjoining Landowners, § 57). The English doctrine of “ancient lights” (Act of 19 Car 2, ch 3, passed immediately after the great fire in London in 1666), which provided that a landowner had a legal right to light and air based on an extended period of uninterrupted use and enjoyment has been rejected in this State and almost universally in this country (Pica v Cross County Constr. Corp., 259 App Div 128; Myers v Gemmel, 10 Barb 537, 542-543).
An earlier occupier of land does not by virtue of his earlier occupancy obtain an easement of perpetual peace. (Haber v Paramount Ice Corp., 239 App Div 324, 327, affd 264 NY 98; Salvin v North Brancepeth Coal Co., 9 L R Ch App 705, cited in Campbell v Seaman, 63 NY 568, 577.)
“[I]t is settled in this State that no easement for light or air will ever be implied in favor of one city lot over another, and that the doctrine of implied easements of that kind does not exist in this State.” (Wilmurt v McGrane, 16 App Div 412, 418-419; Cutting v Cutting, 86 NY 522.) Nor may such rights be acquired by prescription (Parker & Edgarton v Foote, 19 Wend 309; Cohan v Fleuroma, Inc., 42 AD2d 741; Merriam v 352 West 42nd St. Corp., 14 AD2d 383).
As there was no agreement or covenant not to obstruct plaintiff’s light or air (see Parker & Edgarton v Foote, 19 Wend 309, supra), plaintiffs may only look to statute for the relief they seek. Plaintiffs have alleged in their first cause of action that the construction of the elevator tower violates RPAPL 843 which provides: “Whenever the owner or lessees of land shall erect or shall have erected thereon any fence or structure in the nature of a fence which shall exceed ten feet in height, to exclude the owner or occupant of a structure on adjoining land from the enjoyment of light or air, the owner or occupant who shall thereby be deprived of light or air shall be entitled to maintain an action in the supreme court to have such fence or structure adjudged a private nuisance. If it shall be so adjudged its continued maintenance may be enjoined. This section shall not preclude the owner or lessee of land from improving the same by the erection of any structure thereon in good faith.”
“A fence is an inclosing structure, composed of any material which will present a sufficient obstruction, about *614 a field or other space intended to prevent intrusion from without or straying from within” (36A CJS, Fences, § 1; see, also, Black’s Law Dictionary [3d ed], p 675). Statutes in derogation of common-law property rights are to be strictly construed (Thomason Inds. v Incorporated Vil. of Port Washington North, 27 NY2d 537) and thus plaintiff’s reliance on RPAPL 843 is misplaced. In 122 East 40th St. Corp. v Dranyam Realty Corp. (226 App Div 78), the court construing former section 3 of the Real Property Law, the predecessor of RPAPL 843, stated that “the statute being in derogation of the right of the defendants at common law to build what they please upon their own property, must be strictly construed * * * in favor of the defendant” (226 App Div, at p 80; see, also, Dean v Metropolitan El. Ry. Co., 119 NY 540).
Upon a motion to dismiss under CPLR 3211 (subd [a], par 7), if the movant can demonstrate that any material fact the pleader claims to be a fact is not a fact at all, and that no significant dispute can be said to exist regarding it, the court may grant the motion (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:25, p 31). Such is the case here. The mere denomination of a structure housing the mechanical works of an elevator as fence is insufficient.
Thus, it is clear that this cause of action cannot be predicated upon RPAPL 843 since to do so plaintiffs would have to establish that the elevator tower is a “fence or structure in the nature of a fence.” The complaint admits the structure to be an elevator tower which is a structure built on top of the existing elevator shafts which will house the electromechanical devices necessary to operate the building’s elevators and, thus, is not a fence.
RPAPL 843 prevents the erection of a “spite fence.” The Legislature has thus stated that no fence should be more than 10 feet in height since such a structure has no rational purpose other than to “spite” one’s neighbor. The elevator enclosure, here at issue, even if it were a fence, has a rational purpose and, therefore, RPAPL 843 does not apply.
The court notes, parenthetically, that in the first cause of action, plaintiff alleges that the elevator tower is a fence *615 and in the second cause of action the air conditioning of defendant’s premises is to be constructed on top of the elevator tower. It thus appears that even if the tower were otherwise a fence, its use as the supporting structure of the cooling unit would make it more than just a fence and, therefore, not within the proscription of RPAPL 843.
The second cause of action is addressed to the cooling unit which is to be placed on top of the elevator tower. It is alleged that “the cooling system will create noises and disturbances of such a character as to produce actual physical discomfort to an impairment of health”.
As this court has previously stated in Celebrity Studios v Civetta Excavating (72 Misc 2d 1077, 1080):
“It cannot however be said, no matter how desirable it might be, that everyone at all times has an established legal right to peace, tranquility and a tension-free atmosphere. In the modern world some degree of noise, tension and discomfort is the inevitable concomitant of urban life. Can every allegation of excessive noise require a jury to make a subjective evaluation based on verbal description and distinguish between that degree of noise which is ordinary and predictable and which all must bear * * * Are there justifiable and unjustifiable noises? Do you measure noise by its necessity or by its impact? * * *
“A person who chooses to reap the advantages of location in an urban society must expect the impingement of that crowded society upon his life. (Campbell v. Seaman, 63 N. Y. 568, 577; Pelletier v. Transit-Mix Concrete Corp., 11 Misc 2d 617.) * * *
“ ‘One who chooses to live in the large centers of population cannot expect the quiet of the country. Congested centers are seldom free from smoke, odors and other pollution from houses, shops and factories, and one who moves into such a region cannot hope to find the pure air of the village or outlying district. A person who prefers the advantages of community life must expect to experience some of the resulting inconveniences. Residents of industrial centers must endure without redress a certain amount of annoyance and discomfiture which is incident to life in such a locality.’ (Bove v. Donner-Hanna Coke Corp., 236 App. Div. 37, 40.)”
*616 The law in this State is clear that in order to obtain an injunction, the disturbances to plaintiff must not be “fanciful, slight or theoretical, but certain and substantial, and must interfere with the physical comfort of the ordinary reasonable person.” (Bove v Donner-Hanna Coke Corp., 236 App Div 37, 40; Board of Educ. v County of Westchester, 34 Misc 2d 795, affd 18 AD2d 966.)
Here, the allegations of the second cause of action are clearly based on speculation, surmise and conjecture and such allegations are insufficient to create a justiciable cause of action that is ripe for determination at this time.
Accordingly, the motion is denied and the cross motion to dismiss the complaint is granted. Upon proof of service of a copy of this order with notice of entry, the clerk is directed to enter judgment dismissing the complaint.