NEW YORK TITLE AND MORTGAGE COMPANY, in Rehabilitation, Plaintiff, *v.* ROSE CEDARBAUM and Another, Defendants.

Supreme Court, Special Term, Queens County, May 21, 1936.

*Thomas Kehogh,* for the plaintiff.

*Charles K. Landesberg,* for the defendants.

HALLINAN, J. Simultaneously with this motion for an order confirming the referee's report of sale, leave is asked to enter a deficiency judgment against the defendants Rose Cedarbaum and Eva Landesberg. These defendants appear specially solely for the purpose of opposing the latter part of the motion. They do so upon the ground that the plaintiff had not complied with the provisions of section 1083-a of the Civil Practice Act* in that (a) the motion is made more than ninety days since the delivery by the referee of the deed to the premises foreclosed, and (b) the notice of motion for leave to enter the deficiency judgment had not been served personally upon the defendants affected but had

* Since amd. by Laws of 1937, chap. 705.

been served upon the office of the attorney for these defendants who appeared in the action by leaving true copies with an attorney associated with him at the office address designated by him in the preceding papers, said attorney being absent at the time of service.

The questions thus raised involve a construction of the following portion of section 1083-a of the Civil Practice Act: " Simultaneously with the making of a motion for an order confirming the sale or within ninety days after the date of the consummation of the sale by delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct."

While it is true that this section is a part of the emergency legislation affecting the foreclosure of mortgages and should be liberally construed to effectuate the intention of the Legislature, the court cannot read into the enactment anything that does not appear there. In this instance there is no question that the motion was returnable and submitted for adjudication more than ninety days after the delivery of the deed by the referee. However, the section under consideration with respect to leave to enter a deficiency judgment provides for the remedy in the alternative and in disjunctive language — " simultaneously with the making of a motion for an order confirming the sale *or* within ninety days after the date of the consummation of the sale " (italics mine) — leaves no room for doubt that there is no limitation as to the time when the motion for leave to enter a deficiency judgment may be made, if made simultaneously with the motion to confirm the referee's report of sale in light of the fact that section 1082 of the Civil Practice Act has not been repealed.

There is no dispute that the answering defendants herein appeared in the action by the same attorney who now appears for them specially. Accordingly, it is my opinion that the motion papers herein were properly served upon said attorney and need not have been served personally upon the defendants affected. The applicable language of the section is: " upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct." It appears to me clear that this language contemplates that, where parties appear in the action by attorney, the motion

papers may be served upon such attorney, and only if the parties have not thus appeared or if they have defaulted in appearing altogether then must personal service upon them be effected.

Accordingly, the motion is in all respects granted, with the exception that the amount of the deficiency judgment, if any, will be held in abeyance pending the determination by an official referee, to whom this matter is referred, to take proof and report as to the fair and reasonable market value of the mortgaged premises as of the date of sale, or such nearest earlier date as there shall have been any market value thereof. Order on notice.