In the Matter of JOHN P. McGRATH, Petitioner.
ANNA BASS et al., Doing Business as DE MAR & Co., et al., Respondents.

Supreme Court, Special Term, Queens County, November 16, 1945.

*William A. Michel* for petitioner.

*Regan & Murray* for Anna Bass and others, doing business as De Mar & Co., respondents.

Wenzel, J. This is a proceeding brought pursuant to the provisions of chapter 3 of the Laws of 1945 fixing the rent exceeding in amount the emergency rent within the provisions of said chapter for premises consisting of vacant land used as a parking lot by one Anna Bass.

The court finds it unnecessary to go into the merits of the proceeding since it believes that the statute under which it is brought is not applicable to parking lots. In determining this, the court has considered both chapters 2* and 3 of the Laws of 1945.

Chapter 2 is entitled " Stabilization of Commercial Rents ". In the declaration of emergency contained in section 8521, reference is made to " rent for commercial space " which is defined in subdivision (a) of section 8522 as " Any space used or occupied for commercial purposes in any city other than space used or occupied as a store or office." Subdivision (b) defines commercial purposes as follows: " The manufacture, sale, resale, processing, reprocessing, displaying, storing, handling, garaging or distribution of personal property." Subdivision (f) defines personal property as " All goods and chattels personal other than things in action, money, insurance contracts,

stocks, bonds, mortgages, notes or other obligations for the payment of money.''

Chapter 3█ is entitled '' Stabilization of Business Rents ''.█ In the declaration of emergency contained in section 8551,█ reference is made to '' rent for office space and retail stores and other business space '', which is defined in subdivision (a) of section 8552█ as: '' All rental space in any city other than: (1) commercial space as defined in chapter three of the laws of nineteen hundred forty-five, or any act amendatory thereof; (2) dwelling space and meeting rooms in hotels, and dwelling space in rooming houses, apartment houses, dwelling and other housing accommodations; (3) piers, docks and wharf properties; and (4) places of public assembly.''

If we were dealing with *definitions alone,* there is little doubt that *vacant land* used for parking would be embraced in either of the two chapters, particularly chapter 2.█ It certainly is space used or occupied for commercial purposes, such as '' storing, handling, garaging or distribution of personal property.'' Clearly, an automobile comes within the definition of personal property as defined in the law. However, when consideration is given to the essential provisions of both chapters, the conclusion is inescapable that it was the legislative intent to embrace in this legislation only rent for commercial space or for office space and retail stores, situated in buildings, and not vacant land. The emergency found to be existing has been occasioned by the practically complete cessation of construction owing to the impossibility of obtaining building material and labor. It was to provide against rent gouging by landlords taking advantage of the consequent shortage that these statutes were passed. This is clearly demonstrable by a consideration of the wording of the statute.

In section 8524,█ which provides for the determination of reasonable rent for commercial space, the court is required to give due consideration to the cost of maintenance and operation of the entire property '' including land and *building* in which such commercial space is located '' (italics supplied).

In clause (b) of said section, it is provided that the rent shall be fixed in such a manner that it shall not exceed a fair and reasonable proportion " of the gross rentals from all the commercial space in the entire *building* " (italics supplied). In the same clause, there is the statement: " The assessed valuation of the entire property, including land and *building*, as shown by the latest completed assessment-roll of the city, shall be presumed to be the fair value of the premises    *    *    *." (Italics supplied.)

In subdivision (c) of section 8528, ▮ it is stated: " The landlord seeks in good faith to recover possession for the immediate purpose of demolishing the *building* with the intention of constructing a new *building* " (italics supplied). In subdivision (d) of the same section, it is provided: " The landlord owned or acquired an enforceable right to buy or take possession of the *building* " (italics supplied). In subdivision (f) of the same section, it is stated: " The tenant occupies commercial space in a building required to be demolished in order to carry out a housing or rehabilitation project ".

As to chapter 3, ▮ which deals with rent for office space and retail stores, there again the body of the act speaks constantly of buildings in practically similar terms as in chapter 2. ▮ See, section 8554 ▮ and subdivisions (c), (d) and (f) of section 8558 ▮ which indicate clearly that vacant land was not within the contemplation of the Legislature no matter how used. This reiteration, the court feels, is not accidental. Vacant and unimproved land had not been affected by this condition unless, indeed, it might be said to have brought about a situation where there was more unimproved land than there would normally be.

In section 8533, ▮ it is provided that nothing in chapter 2‡ shall be construed to apply to any hotel, rooming house, or other housing accommodations in the defense-rental area or to any

pier, dock and wharf property, theatre, motion-picture house or theatre, sports arena or stadium, or exhibition hall, but the fact that vacant land used for parking purposes was not included in the foregoing exceptions does not mean that it is embraced within the provisions of the emergency commercial rent laws.

We are dealing here with emergency legislation which should be liberally construed to effectuate the intention of the Legislature, but the court may not go beyond that intention to read anything into the law which does not appear there. (*New York Title & Mortgage Co.* v. *Cedarbaum*, 163 Misc. 373.) The legislation is obviously a stricture on the old common-law right of· a landlord to freely contract for the use of his land and must, therefore, be strictly construed so far as what the Legislature intended to embrace within the provisions of this enactment. The Legislature may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied. (*Dean* v. *M. E. R. Co.*, 119 N. Y. 540, 547.)

The court does not believe that the Legislature intended to include vacant land within the provisions of this emergency rent law and, therefore, the petition is dismissed.